## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCRANTON PRODUCTS INC.,

      Plaintiff,

    v.

BOBRICK WASHROOM
EQUIPMENT, INC.,

      Defendant.

Civil Action No. _____

***JURY TRIAL DEMANDED***

**JUDGE** _____

## COMPLAINT

Plaintiff Scranton Products Inc. ("Scranton Products"), by its undersigned counsel, brings this Complaint seeking permanent injunctive relief, attorneys fees, and compensatory and punitive damages against Defendant Bobrick Washroom Equipment, Inc. ("Bobrick"), and in support thereof, avers as follows:

### INTRODUCTION

1. Scranton Products brings this lawsuit to obtain both monetary and equitable relief from Bobrick because, for at least the last two years, Bobrick has carefully orchestrated a campaign to scare architects, product specifiers, procurement representatives, building owners, and others in the construction industry into believing that Scranton Products' toilet partitions are fire hazards, are unsafe and pose health and safety risks if used in building projects across the country.

2.     Bobrick's unlawful campaign includes, but is not limited to, its literally false statements to architects and procurement representatives that Scranton Products does not currently sell a high-density polyethylene, or HDPE, toilet partition that complies with the 2009 and 2012 International Building Codes, and in particular, "NFPA 286," a test developed by the National Fire Protection Association ("NFPA"), despite Bobrick's knowledge that Scranton Products manufactures and offers for sale HDPE toilet partitions that are NFPA 286-compliant.

3.     Bobrick also has made false, misleading and/or deceptive statements to architects, specifiers, procurement representatives, and others in the construction industry regarding the general fire safety hazards created by HDPE toilet partitions.

4.     Scranton Products seeks permanent injunctive relief, a determination that Bobrick's conduct constitutes deliberate, willful and/or bad faith conduct such that this case should be declared exceptional under 15 U.S.C. § 1117(a), attorneys fees, and compensatory and punitive damages.

## THE PARTIES

5.     Scranton Products is a Delaware corporation with its headquarters in Scranton, Pennsylvania.  Scranton Products manufactures and sells various

2

products for installation and use in, *inter alia*, bathroom and locker room facilities. Among Scranton Products' products are toilet partitions.

6.      Scranton Products' toilet partitions are constructed with a durable plastic material known as high-density polyethylene, or HDPE.

7.      Bobrick is a California corporation with its headquarters in North Hollywood, California.  According to its website, Bobrick manufactures and sells, among other things, toilet partition systems, toilet compartment accessories, washroom accessories, and specialty accessories (such as baby changing stations marketed under its Koala Kare brand) for installation and use in public bathroom and locker room facilities.  Bobrick's products, including its toilet partition systems, are sold throughout the United States and in the Commonwealth of Pennsylvania, including in this judicial district.

8.      Bobrick's toilet partition systems are constructed with high pressure laminate, solid phenolic, or reinforced composite material.  Bobrick does not manufacture or offer for sale toilet partitions constructed with HDPE.

9.      Bobrick markets its reinforced composite toilet partition systems as products that are directly competitive to Scranton Products' HDPE toilet partitions.

**JURISDICTION AND VENUE**

10.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 with respect to those claims arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

11.    The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties are citizens of different states.

12.    The Court has personal jurisdiction over Bobrick because Bobrick sells its products to customers within the Commonwealth of Pennsylvania, including in this judicial district; has itself and through its agents disseminated false, misleading and/or deceptive statements concerning the Scranton Products and its toilet partitions in the Commonwealth of Pennsylvania, including in this judicial district; and otherwise conducts business in the Commonwealth of Pennsylvania, including in this judicial district, both directly and through its distributors and sales representatives.

13.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because events or omissions giving rise to the claims occurred in this judicial district.  Bobrick disseminated the false, misleading and/or deceptive statements that are the subject of the claims asserted by Scranton Products in this action in this judicial district, and Bobrick has otherwise published said false,

misleading and/or deceptive statements in such a manner as to make them available and accessible to residents of this judicial district.

## FACTUAL BACKGROUND

### A.    Building Codes And HDPE Toilet Partitions

14.    The International Building Code ("IBC") is a model building code developed by the International Code Council ("ICC").

15.    The 2009 and 2012 versions of the IBC identify National Fire Protection Association ("NFPA") 286 as the standard for evaluating the contribution of certain "interior finish" materials to room fire growth during specified fire exposure conditions.  Adoption of NFPA 286 varies by jurisdiction and locale, as does applicability.

16.    The fire testing that NFPA 286 provides for is known as the "room-corner" test.  NFPA 286 and its room-corner test applies only to "interior finishes" constructed of HDPE or polypropylene ("PP").  NFPA 286 also sets forth the "acceptance criteria" that tested material must meet in order to pass the room-corner test.

17.    For years, Bobrick and its paid consultants encouraged the adoption of NFPA 286 and its room-corner test into the 2009 and 2012 versions of the IBC, despite the fact that Bobrick does not manufacture HDPE or PP toilet partitions, and NFPA 286 does not apply to its toilet partitions.

18.     Bobrick's activities were undertaken with knowledge that its competitors, like Scranton Products, did manufacture HDPE toilet partitions, and that ICC's adoption of NFPA 286 would negatively impact Bobrick's competitors' business but not Bobrick's business.

19.     As Bobrick anticipated, manufacturers and sellers of HDPE and PP toilet partitions, such as Scranton Products, have borne the entire brunt of the ICC's adoption of NFPA 286 and its room-corner test into the 2009 and 2012 versions of the IBC.  Bobrick's business has not been adversely affected.

20.     Whether, and to what extent, any particular version of the IBC – including but not limited to the versions that incorporate NFPA 286 – is adopted varies by jurisdiction and locality, as does its application in the context of local building codes.

21.     Because applicable building codes, and therefore building requirements vary, Scranton Products manufactures and offers for sale a range of HDPE toilet partitions to meet the varied needs of its customers, including partitions that fully comply with the NFPA 286 room-corner test.

22.     Scranton Products receives many inquiries each year regarding its HDPE toilet partitions from architects, specifiers, procurement representatives, and other individuals associated with the construction industry, as they select the

Scranton Products materials that meet the particular needs of their clients and project/end use.

**B.     Scranton Products Manufactures NFPA 286-Compliant HDPE Toilet Partitions**

23.   Shortly after NFPA 286 was adopted into IBC versions, Scranton Products began manufacturing NFPA 286-compliant HDPE toilet partitions.

24.   Scranton Products ensured its NFPA 286-compliant toilet partitions were compliant through testing conducted by an independent laboratory certified by the International Accreditation Service.  These test results are memorialized in written test reports.

25.   Since at least May 2011, Scranton Products has manufactured and offered for sale NFPA 286-compliant HDPE toilet partitions.

**C.     Bobrick Commences A False, Misleading And Deceptive Marketing Campaign Calculated To Deter Architects, Specifiers, And Other Potential Bathroom Partition Customers From Specifying And Purchasing Scranton Products' HDPE  Partitions**

26.   For at least two years, Bobrick has steadily endeavored to undermine Scranton Products' credibility within the construction industry, and to create doubt in the minds of architects, specifiers, and existing and prospective partition customers regarding whether Scranton Products' HDPE toilet partitions are safe, by publishing statements about Scranton Products' HDPE toilet partitions, and

HDPE materials in general, that are misleading, deceptive, and at times, literally false.

          1.      <u>Repeated Inquiries Regarding Scranton Products' Sale of NFPA 286-Compliant HDPE Partitions, And Scranton Products' Responses Thereto</u>

27.    In mid-2012, a series of written communications occurred between Bobrick and Scranton Products, in which Bobrick questioned whether Scranton Products manufactured and offered for sale any HDPE toilet partitions that were NFPA 286-compliant.

28.    In at least five different written communications on August 23, 2012, October 5, 2012, November 9, 2012, November 29, 2012 and December 14, 2012, Scranton Products and/or its counsel unambiguously confirmed that Scranton Products manufactures and sells NFPA 286-compliant HDPE toilet partitions, and that this compliance was supported by independent and accredited laboratory testing.

29.    Since there was no further written communication with Bobrick after December 14, 2012, Scranton Products reasonably believed that it had adequately addressed Bobrick's concerns.

2.      Bobrick Acknowledges That Scranton Products Sells NFPA 286-Compliant HDPE Toilet Partitions

30.     While Bobrick and Scranton Products were exchanging letters regarding Scranton Products' ability to manufacture and sell NFPA 286-compliant HDPE toilet partitions, Scranton Products' HDPE toilet partitions were selected for use in renovations to Dodger Stadium, the home baseball stadium of the Los Angeles Dodgers ("Dodgers") located in Los Angeles, California.

31.     After Scranton Products' toilet partitions were ordered, but before they were installed at Dodger Stadium, Bobrick's President, Mr. Mark Louchheim, wrote to Dodgers' President in an attempt to persuade the Dodgers to purchase and install partitions manufactured and sold by Bobrick in place of Scranton Products' HDPE toilet partitions.

32.     In his January 11, 2013 letter – and with the knowledge and information that Scranton Products had disclosed in its five written letters described above – Mr. Louchheim told the Dodgers' President unequivocally that Scranton Products "can provide [HDPE toilet] partitions which are compliant with the unmodified NFPA 286" if ordered as such.

33.     Despite Mr. Louchheim's obvious efforts to interfere with Scranton Products' business relationship with them, the Dodgers did in fact purchase and

install HDPE toilet partitions manufactured by Scranton Products at Dodger Stadium that are fully compliant with the requirements of NFPA 286.

### 3. Bobrick's May 2013 Sales Bulletin

34. In May 2013, Bobrick published and disseminated "in the market place" a Sales Bulletin purporting to identify inaccuracies and "unsubstantiated statements" in a Scranton Products' sales letter dated December 1, 2012. Bobrick sent a copy of its May 2013 Sales Bulletin to Scranton Products' President by certified mail.

35. In particular, in its May 2013 Sales Bulletin, Bobrick characterized as "unsubstantiated" the following statements contained in Scranton Products' December 1, 2012 sales letter:

      a.    " [that] specific HDPE bathroom partitions performance needs vary by locale and application. Not every jurisdiction or application demands compliance with NFPA 286."

      b.    "Our Hiny Hiders solid plastic bathroom partitions conform to NFPA 286."

36. Bobrick's characterizations were false at the time they were made, and remain false today.

37. Bobrick expressly instructed its sales representatives to distribute the May 2013 Sales Bulletin to "architects, interior designers, distributors, contractors

10

and building owners" who they learn have received copies of written reports of the independent fire testing conducted on Scranton Products' HDPE toilet partitions.

4.      Scranton Products' President Again Confirms That Scranton Products Manufactures and Sells NFPA 286-Compliant Toilet Partitions In July 2013 Telephone Call With Bobrick's President

38.     On July 11, 2013, Scranton Products' President and Mr. Louchheim participated in a telephone call to again address Scranton Products' compliance with NFPA 286.

39.     During that call, Mr. Louchheim again acknowledged that Scranton Products offered for sale NFPA 286-compliant HDPE toilet partitions.

40.     Mr. Louchheim further acknowledged that Bobrick's specific attacks on Scranton Products' HDPE toilet partitions – including but not limited to the May 2013 Sales Bulletin – were initiated because Scranton Products is an industry leader in toilet partitions, thus revealing the true motive behind Bobrick's improper campaign: to imply that Scranton Products' HDPE toilet partitions were unsafe, thereby diverting toilet partition sales away from Scranton Products and to Bobrick.

11

5.      Bobrick's False, Misleading and Deceptive Statements
        Regarding Scranton Products' Manufacture and Sale of NFPA
        286-Compliant HDPE Toilet Partitions, and HDPE Toilet
        Partitions In General

41.     Notwithstanding the plain admissions by Mr. Louchheim that Scranton Products "can provide [HDPE toilet] partitions which are compliant with the unmodified NFPA 286" and the repeated assurances from Scranton Products and its counsel confirming the same, Bobrick has falsely represented to persons in the construction industry that Scranton Products does not sell an HDPE toilet partition product that complies with NFPA 286.

42.     Scranton Products believes, and therefore avers, that in late 2012, a Bobrick sales representative advised at least one California-based architectural firm that (a) no HDPE toilet partitions were code-compliant; (b) some HDPE toilet partition manufacturers claimed that their HDPE toilet partitions were code-compliant, when they were not; and (c) when on fire, HDPE toilet partitions release smoke that is highly toxic.

43.     Scranton Products did not learn of these statements – which were false, misleading and/or deceptive at the time they were made, and remain false, misleading and/or deceptive today – until July 2013, some seven months later.

44.     More recently, Scranton Products learned of a March 27, 2014 letter from Mr. Gettelman, Vice President – External Affairs for Bobrick to an architect

at a Fort Mitchell, Kentucky architectural firm, in which Mr. Gettelman states that Scranton Products, among other manufacturers, "does not currently sell a HDPE toilet partition product which has passed the full scale NFPA 286 Room-Corner Test (without modification) . . . ."

45.    Scranton Products also recently learned of a March 27, 2014 letter from Mr. Gettelman to a procurement representative for the State of Maryland Department of General Services, that is nearly identical to Mr. Gettelman's letter to the architect in Kentucky of the same date.  In his letter to the procurement representative in Maryland, Mr. Gettelman repeats that "Scranton Products, Inc. does not currently sell a HDPE toilet partition product which has passed the full scale NFPA 286 Room-Corner Test (without modification) . . . ."

46.    Mr. Gettelman's statement in his two March 27, 2014 form letters that Scranton Products, Inc. "does not currently sell a HDPE toilet partition product which has passed the full scale NFPA 286 Room-Corner Test (without modification) . . . ." is false.  Bobrick knows and has admitted that Scranton Products "can provide [HDPE toilet] partitions which are compliant with the unmodified NFPA 286."  Further, Scranton Products does not believe that Bobrick has ever obtained independent laboratory testing on Scranton Products' NFPA 286-compliant toilet partitions.

13

47.    Given their formulaic nature, Mr. Gettelman's March 27, 2014 form letters appear to be part of Bobrick's continuing, wide-ranging campaign to repeat these false, misleading and/or deceptive statements and misrepresent Scranton Products' ability to supply NFPA 286-compliant HDPE toilet partitions to architects, specifiers, building owners, and potential partition customers.

48.    These false, misleading and/or deceptive statements by Bobrick that Scranton Products is unable to provide an HDPE toilet partition product that is NFPA 286-compliant are likely to cause prospective purchasers to purchase toilet partitions other than those offered by Scranton Products.

49.    In addition, Bobrick has also deceived and misled architects, specifiers, building owners, and other potential customers into believing that HDPE toilet partitions in general are fire hazards, and thus are unsafe.

50.    Bobrick has disseminated this false, misleading and/or deceptive message throughout the United States, including in this judicial district, in part through Mr. James Lathrop, Bobrick's long-time code consultant, agent, and representative during code development proceedings before the NFPA and ICC.

51.    For example, Mr. Lathrop recently distributed to an architectural firm in this judicial district an article titled "School Restroom Fire Safety Information,"

14

which is nearly identical to articles published jointly by Mr. Lathrop and Mr. Gettelman on other websites aimed at the construction industry.[1]

52.     In the article, and based upon testing performed by Bobrick, Mr. Lathrop states that "untreated HDPE toilet partitions do not meet the requirements of the NFPA 286 room-corner test."  Mr. Lathrop acknowledges in the article that Bobrick has not tested treated HDPE toilet partitions, which would include Scranton Products' NFPA 286-compliant toilet partitions.

53.     Mr. Lathrop has also communicated these false, misleading and/or deceptive statements through a 90-minute September 2013 "webinar" sponsored by Bobrick, which is available in this judicial district, and where at least one participant from Harrisburg asked a follow-up question.

54.     Even more recently, Bobrick published an April 2014 sales bulletin for dissemination in Arizona that raised concerns regarding the general compliance of HDPE and PP toilet partitions with NFPA 286, which concerns were juxtaposed with the statement that Bobrick's toilet partitions do not contain HDPE or PP, and therefore are not subject to NFPA 286.

---

[1] *See*, *e.g.*, http://asumag.com/fire-amp-life-safety/restroom-fire-safety (last visited April 29, 2014) and http://www.buildings.com/buzz/buildings-buzz/entryid/201/codes-and-standards-you-should-know-when-specifying-toilet-partitions.aspx (last visited April 29, 2014).

55. Taken together, Bobrick's repeated false, deceptive and/or misleading statements regarding Scranton Products' HDPE toilet partitions, and HDPE toilet partitions in general, are intended and likely to deceive potential purchasers of toilet partitions and other members of the construction industry regarding Scranton Products' ability to manufacture and sell HDPE toilet partitions that are NFPA 286-compliant, and regarding the fire safety of HDPE toilet partitions generally.

56. More specifically, the most likely immediate effect of Bobrick's false, misleading and/or deceptive statements will be to dissuade architects, specifiers, and procurement representatives throughout the United States from preparing construction specifications that permit the use of HDPE materials, such as those manufactured and sold by Scranton Products.

57. Indeed, one of Mr. Gettelman's March 27, 2014 form letters caused a representative of the Maryland Department of Natural Resources to express reservations regarding the Departments' intended use of Scranton Products' HDPE toilet partitions on several hundred state projects.

58. Similarly, Mr. Lathrop's false, misleading and/or deceptive statements regarding HDPE partitions caused an architectural firm in this judicial district to express concerns regarding Scranton Products' HDPE toilet partitions' compliance with NFPA 286, which partitions that firm specified as its basis-of-design.

16

59. Bobrick's April 2014 sales bulletin, and subsequent communications with the Bobrick sales representative who authored it, likewise caused an Arizona-based independent specifications consultant to question whether Scranton Products' HDPE toilet partitions are code-compliant.

60. If Bobrick is permitted to continue making these false, misleading and/or deceptive statements to architects, specifiers, procurement representatives, building owners, and other potential toilet partition customers, Scranton Products will continue to be substantially and irreparably harmed by the loss of business opportunities; the loss of their reputation for providing high-quality, code-compliant building products; and the concomitant loss of customer and brand goodwill.

## COUNT I:
## VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(A)
## Literally False Advertising

61. Scranton Products realleges and incorporates by reference paragraphs 1 through 60 of the Complaint as if set forth at length herein.

62. Bobrick has made and is continuing to make literally false statements of fact regarding Scranton Products' ability to supply NFPA 286-compliant HDPE toilet partitions, as more fully described above.

63. Bobrick's statements are material because they are likely to influence decisions made by architects, specifiers, procurement representatives, building

17

owners, and others in the construction industry regarding whether to specify, purchase, and/or install HDPE materials, including HDPE toilet partitions manufactured and sold by Scranton Products.

64. Bobrick's statements concern products in interstate commerce.

65. The foregoing acts of Bobrick constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. As a direct and proximate result of these actions, Scranton Products has been damaged, and has been irreparably harmed by the loss of business opportunities, the loss of their reputation for providing high-quality, code-compliant building products, and the concomitant loss of customer and brand goodwill, and is likely to sustain additional damage and irreparable harm if Bobrick's conduct is not permanently enjoined.

67. Scranton Products does not have an adequate remedy at law.

68. Because of Bobrick's deliberate, willful and/or bad faith conduct, Scranton Products is entitled to a determination that this is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Scranton Products to its attorney's fees and costs.

**COUNT II:**
**VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(A)**
**Deceptive and Misleading Advertising**

69. Scranton Products realleges and incorporates by reference paragraphs 1 through 68 of the Complaint as if set forth at length herein.

70. Bobrick has made and is continuing to make statements of fact regarding Scranton Products' ability to supply NFPA 286-compliant HDPE toilet partitions and HDPE toilet partitions in general, as more fully described above, that are misleading and confusing.

71. These statements have the tendency to deceive a substantial segment of the audience, that is, purchasers and potential purchasers of toilet partitions within the construction industry.

72. Bobrick's statements concern products in interstate commerce.

73. The foregoing acts of Bobrick constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74. As a direct and proximate result of these actions, Scranton Products has been damaged, and has been irreparably harmed by the loss of business opportunities, the loss of their reputation for providing high-quality, code-compliant building products, and the concomitant loss of customer and brand

goodwill, and is likely to sustain additional damage and irreparable harm if Bobrick's conduct is not permanently enjoined.

75.     Scranton Products does not have an adequate remedy at law.

76.     Because of Bobrick's deliberate, willful and/or bad faith conduct, Scranton Products is entitled to a determination that this is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling Scranton Products to its attorney's fees and costs.

## COUNT III:  COMMON LAW UNFAIR COMPETITION

77.     Scranton Products realleges and incorporates by reference paragraphs 1 through 76 of the Complaint as if set forth at length herein.

78.     The above-described conduct on the part of Bobrick constitutes unfair competition under common law.

79.     As a direct and proximate result of these actions, Scranton Products has been damaged, and has been irreparably harmed by the loss of business opportunities, the loss of their reputation for providing high-quality, code-compliant building products, and the concomitant loss of customer and brand goodwill, and is likely to sustain additional damage and irreparable harm if Bobrick's conduct is not permanently enjoined.

80.     Scranton Products does not have an adequate remedy at law.

20

81.    Bobrick's conduct was and is willful, intentional, and unprivileged, and has caused and is likely to cause Scranton Products to suffer substantial monetary damages.

## COUNT IV:  COMMERCIAL DISPARAGEMENT

82.    Scranton Products realleges and incorporates by reference paragraphs 1 through 81 of the Complaint as if set forth at length herein.

83.    In the course of engaging in the conduct described above, Bobrick made false, misleading and/or deceptive statements regarding Scranton Products, and regarding whether Scranton Products manufactures and offers for sale HDPE toilet partitions that comply with the full-scale NFPA 286 room-corner test.

84.    Bobrick's statements were made with knowledge of their falsity, or with reckless disregard as to their truth or falsity.

85.    As a direct and proximate result of these actions, Scranton Products has been damaged, and has been irreparably harmed by the loss of business opportunities, the loss of their reputation for providing high-quality, code-compliant building products, and the concomitant loss of customer and brand goodwill, and is likely to sustain additional damage and irreparable harm if Bobrick's conduct is not permanently enjoined.

86.    Scranton Products does not have an adequate remedy at law.

21

87.     Bobrick's conduct was and is willful, intentional, and unprivileged, and has caused and is likely to cause Scranton Products to suffer substantial monetary damages.

## COUNT V: TORTIOUS INTERFERENCE WITH EXISTING OR PROSPECTIVE BUSINESS RELATIONS

88.     Scranton Products realleges and incorporates by reference paragraphs 1 through 87 of the Complaint as if set forth at length herein.

89.     Bobrick has wrongfully and unlawfully interfered with Scranton Products' existing and prospective business relations, as set forth more fully above.

90.     Bobrick's conduct in interfering with these existing and prospective business relations was and is willful, intentional and unprivileged.

91.     As a direct and proximate result of these actions, Scranton Products has been damaged, and has been irreparably harmed by the loss of business opportunities, the loss of their reputation for providing high-quality, code-compliant building products, and the concomitant loss of customer and brand goodwill, and is likely to sustain additional damage and irreparable harm if Bobrick's conduct is not permanently enjoined.

92.     Scranton Products does not have an adequate remedy at law.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE Scranton Products demands that judgment be entered in its favor and against Bobrick as follows:

(a)    Permanently enjoining Bobrick from making false, misleading, and/or deceptive statements with respect to Scranton Products' ability to manufacture and sell NFPA 286-compliant HDPE toilet partitions, and from otherwise disparaging Scranton Products' HDPE toilet partitions by, directly or indirectly, stating or implying that Scranton Products manufactures and sells products that are unsafe and pose risks to health and safety;

(b)    Declaring that this case is exceptional under Section 35 of the Lanham Act, 15 U.S.C. § 1117, and awarding to Scranton Products its attorney's fees and costs as more fully alleged in Counts I and II;

(c)    Awarding Scranton Products any and all monetary damages it has suffered or will suffer as the result of Bobrick's unlawful activities, in an amount in excess of $75,000, exclusive of interest and costs;

(d)    Awarding Scranton Products punitive damages to punish Bobrick for its willful, intentional, and unprivileged conduct as more fully described in Counts III, IV and V; and

(e)    Awarding Scranton Products such other relief as the Court deems just and proper.

Plaintiff demands a trial by jury.

BUCHANAN INGERSOLL & ROONEY PC

By: */s/ Jan L. Budman II*

Jan L. Budman II
PA I.D. No. 203200
jan.budman@bipc.com
409 North Second Street, Suite 500
Harrisburg, PA  17101-1357
717 237 4800 (t)
717 233 0852 (f)

Gretchen L. Jankowski
PA I.D. No. 74540
gretchen.jankowski@bipc.com
Wendelynne J. Newton
PA I.D. No. 35163
wendelynne.newton@bipc.com
Jordan M. Webster
PA I.D. No. 200715
jordan.webster@bipc.com
Renee M. Schwerdt
PA I.D. No. 306540
renee.schwerdt@bipc.com
One Oxford Center
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
412 562 8800 (t)
412 562 1041 (f)

*Counsel for Plaintiff Scranton Products Inc.*