# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCRANTON PRODUCTS, INC., :
:
      Plaintiff, :
:
v. : 3:14-CV-00853
: (JUDGE MARIANI)
BOBRICK WASHROOM :
EQUIPMENT, INC., :
:
      Defendant. :

FILED
SCRANTON
JUN - 3 2016
PER _____
DEPUTY CLERK

## ORDER

The background of this order is as follows:

On May 20, 2016, the Court held oral argument in connection with several pending motions, including: (1) Defendant Bobrick Washroom Equipment, Inc. ("Bobrick's") January 14, 2016, motion requesting "appropriate relief in connection with the unauthorized practice of law and unethical conduct of Mr. Brian Cooper," an in-house attorney for Plaintiff Scranton Products, Inc. ("SP") (Docs. 138-140); (2) Bobrick's February 22, 2016, motion concerning SP's "improper redaction of relevant documents," (Docs. 142, 152, 161); and (3) Bobrick's July 24, 2015, motion concerning SP's "improper 'Confidential' designations under the Modified Stipulated Protective Order," (Docs. 101, 109, 115). The Court also heard argument in connection with Bobrick's challenges to SP's designations of certain documents and information as "Attorneys Eyes Only" under the Modified Stipulated Protective Order. (Docs. 123-124; 141, 149-151, 156-159). Following oral argument, Bobrick brought to the Court's attention SP's challenge to certain of its AEO designations. (Doc. 186).

**AND NOW, THIS 2nd DAY OF JUNE, 2016, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion seeking "appropriate relief in connection with the unauthorized practice of law and unethical conduct of Mr. Brian Cooper," (Docs. 138-140), is **GRANTED** as follows: Plaintiff shall be prohibited from using or relying on Mr. Cooper's notes generated as a result of the July 11, 2013, call in connection with any motion or at trial. Mr. Cooper is further precluded from offering any testimony concerning or referencing the July 11, 2013, telephone call or any of Mr. Louchheim's alleged admissions or statements made during that call.

   a. The parties are **DIRECTED** to work cooperatively in order to schedule the deposition of Mr. Wharton on the limited topic of the July 11, 2013, telephone call, but in no case shall the deposition be scheduled and taken more than ten (10) business days from the date of this order.

   b. No later than seven (7) days after the deposition of Mr. Wharton on the subject matter identified in the preceding paragraph the parties are **DIRECTED** to submit supplemental briefing addressing the propriety of Mr. Cooper's conduct in light of Mr. Wharton's testimony, and whether the crime-fraud exception to the attorney-client privilege applies under the circumstances.

   c. The supplemental briefs shall be no longer than ten (10) pages.

   d. Any deposition of Mr. Wharton with respect to any other matter may be scheduled, if necessary, at a time beyond ten (10) business days from the date of this order.

2. Defendant's motion concerning SP's improper redactions for relevance, (Docs. 142, 152, 161), is **GRANTED** as follows:

   a. Plaintiff is **DIRECTED** to produce to Defendant unredacted copies of the 225 pages at issue in Defendant's motion (Docs. 142, 152, 161).

   b. Plaintiff need not, however, produce unredacted copies of the documents or information concerning SP's lockers.

   c. Plaintiff and Defendant are **DIRECTED** to refrain from making further relevance redactions absent express permission from the Court.

   d. Consistent with the current language of Federal Rule of Civil Procedure 34(b)(2)(C), Plaintiff is **DIRECTED** to provide Defendant with amended responses and disclose to Defendant whether it has silently withheld documents based on its objections, including relevance objections, no later than fourteen (14) days after entry of this order.

3. Defendant's request to de-designate five hundred fifty-seven (557) documents Plaintiff has designated as "Confidential," (Docs. 101, 109, 115), is **DENIED**.

4. Defendant's request to de-designate certain documents and information that Plaintiff has designated as "Attorneys Eyes Only," (Docs 141, 149-151, 156-159), is **DENIED.**

5. Defendant's request to de-designate certain documents and information that Plaintiff has designated as "Attorneys Eyes Only," (Docs. 123-124), is **DENIED.**

6. Plaintiff's challenge to Defendant's AEO designations, (Doc. 186), is **DENIED.**

7. The Clerk of the Court is **DIRECTED** to forward a copy of this order and accompanying memorandum to the Disciplinary Board of the Supreme Court of Pennsylvania for its investigation and consideration of the propriety of Mr. Cooper's conduct.

Robert D. Mariani
United States District Judge