# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCRANTON PRODUCTS, INC.,

    Plaintiff,

v.                                                    3:14-CV-00853
                                                      (JUDGE MARIANI)
BOBRICK WASHROOM
EQUIPMENT, INC.,

    Defendant.

## MEMORANDUM OPINION

Presently before the Court is a Motion for Leave to File Amended Answer With Counterclaims filed by Defendant Bobrick Washroom Equipment, Inc. ("Bobrick"). (Doc. 213). For the reasons that follow, the Court will grant Bobrick's motion.

### I.  INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Scranton Products, Inc. ("SP") filed a complaint (the "Complaint") in May 2014 alleging, among other things, that Defendant Bobrick "carefully orchestrated a campaign to scare architects, product specifiers, procurement representatives, building owners, and others in the construction industry into believing that Scranton Products' toilet partitions are fire hazards, are unsafe and pose health and safety risks if used in building projects across the country." (Compl. at ¶ 1). SP asserts two claims under the Lanham Act, 15 U.S.C. § 1125(a), claiming "literally false advertising," and "deceptive and misleading advertising" and seeks both monetary damages and equitable relief. (Id. at ¶¶ 61-76). SP also brings claims under Pennsylvania law, alleging common law unfair competition, commercial

disparagement, and tortious interference with existing or prospective business relations. (*Id.* at ¶¶ 77-92). Bobrick filed its Answer on June 25, 2014. (Doc. 21). In accordance with the Court's Case Management Order, dated August 5, 2014, "[m]otions to amend the pleadings shall be filed no later than September 15, 2014." (Doc. 28, at ¶ 3).

Since Bobrick filed its Answer, nearly thirty months ago, the parties have engaged in protracted and contentious discovery. According to Bobrick, newly discovered evidence has revealed information that would support an amendment to its Answer to include counterclaims. Specifically:

> Evidence revealed in discovery in this case, mostly only by Order of this Court, has enabled Bobrick to assert with confidence that SP has deliberately and systematically mislead purchasers and other market participants by falsely representing that certain of its high density polyethylene ("HDPE") toilet partitions meet the requirements of the NFPA 286 room-corner test ("NFPA 286") that is incorporated into many fire, building, and life safety codes nationwide. Further, over the course of discovery, it has become clear that Scranton Products has abused the litigation process primarily to accomplish a purpose for which it was not intended, namely to obstruct Bobrick's ability to fairly and vigorously compete in the marketplace against SP. Accordingly, Bobrick requests leave to file an Amended Answer to raise Lanham Act, unfair competition, and abuse of legal process counterclaims.

(Doc. 214, at 1-2). Thus, on November 10, 2016 Bobrick filed the instant motion. (Doc. 213). SP opposes Bobrick's motion, principally arguing that the Court should deny Bobrick's motion "because (1) Bobrick has not shown good cause for granting such relief more than two years after the deadline for amendments to pleadings; and (2) Bobrick has unduly delayed in seeking leave to amend its answer to include a counterclaim." (Doc. 226, at 1).

2

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings in order to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *Payne v. Duncan*, Civil No. 3:15-cv-1010, 2016 WL 2859612, at *1 (M.D. Pa. May. 16, 2016) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990)). Indeed, the Third Circuit has noted that "[g]enerally, Rule 15 motions should be granted," *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016), and that "the pleading philosophy of the Rules counsels in favor of liberally permitting amendments to a complaint" or pleading. *CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 629 (3d Cir. 2013). Nevertheless, "[t]here are three instances when a court typically may exercise its discretion to deny a Rule 15(a) motion for leave to amend: when '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *United States ex rel. Customs Fraud Investigations*, 839 F.3d at 249 (quoting *United States ex rel. Schumann v. Astrazeneca Pharma. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)). "[P]rejudice to the nonmoving party is the

touchstone for the denial of the amendment." *Dole*, 921 F.2d at 488 (internal citation and quotation marks omitted).

As an initial matter, in its brief in opposition to Bobrick's motion, (Doc. 226), SP makes no argument that it would be prejudiced should the Court grant Bobrick's motion. Nor has SP argued that Bobrick's proposed amendment to its Answer would be futile. *Id.* In light of SP's failure to claim either futility or prejudice, the question thus becomes whether Bobrick's delay in filing its motion to amend warrants a denial of the motion.

"Delay alone will not constitute grounds for denial" of a motion for leave to amend. *Bjorgung v. Whitetail Resort, L.P.*, 550 F.3d 263, 266 (3d Cir. 2008) (citing *Cureton v. Nat'l Collegiate Athl. Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)). Undue delay, however, may justify a denial of a motion for leave to amend. "Delay may become undue when a movant has had previous opportunities to amend a complaint but instead delays making a motion to amend until after judgment has been granted to the adverse party and when allowing an amendment would result in additional discovery, costs, and preparation to defend against new facts or new theories." *Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) (internal citation and quotation marks omitted). Denial of a motion for leave to amend is also appropriate "where the moving party offered no cogent reason for the delay in seeking the amendment." *CMR D.N. Corp.*, 703 F.3d at 629.

Upon review of the record, the Court finds that Bobrick's delay in seeking leave to amend its Answer does not constitute undue delay warranting denial of its motion for at

4

least three reasons. *First*, Bobrick's nearly two-and-a-half-year delay in seeking leave to amend was not the product of its own bad faith or dilatory tactics. Rather, it was often SP's conduct—namely, refusing to produce certain documents and information which required the Court's repeated intervention—that resulted in a delay of Bobrick obtaining the information necessary to assert its counterclaims.[1] *Second*, and relatedly, the Court finds that Bobrick has offered a cogent and compelling justification for the delay in seeking leave to amend—namely that SP's own intransigence has prevented Bobrick from timely developing the necessary facts to support its counterclaims. *Finally*, the Court finds that allowing Bobrick to amend its Answer to assert counterclaims would not result in substantial additional discovery, costs, or require SP to defend against new facts and new theories. The common nucleus of operative facts giving rise to Bobrick's counterclaims is the same set of facts that give rise to Plaintiff's claims (and for which discovery has been on-going for the past two-and-a-half-years). As Bobrick notes:

> [M]uch of the evidence that would be required to support Bobrick's counterclaims will also be required to support or defend SP's claims against Bobrick, which have already been subject to discovery. For example, evidence as to whether SP's products comply with NFPA 286 is the centerpiece of this case and will be necessary to defend against SP's Lanham Act and unfair competition claims as well as to prosecute Bobrick's Lanham Act and unfair competition counterclaims. In that sense, SP's claims and Bobrick's counterclaims are largely intertwined.

---

[1] The Court has issued several orders over the course of this litigation directing SP to produce certain documents to Bobrick, over SP's objection. (Docs. 42, 88, 125, 193, 232).

(Doc. 214, at 3-4). In sum, the Court finds that Bobrick has not unduly delayed in seeking leave to amend its Answer to assert counterclaims and, accordingly, will grant Bobrick's motion.[2]

### III. CONCLUSION

For the foregoing reasons, Bobrick's Motion for Leave to File an Amended Answer With Counterclaims will be granted. A separate order follows.

Robert D. Mariani
United States District Judge

---

[2] For similar reasons, the Court finds that Bobrick has established "good cause" to modify the pretrial scheduling order. Federal Rule of Civil Procedure 16(b)(4) provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Bobrick was not in possession of sufficient facts underlying its counterclaim before the expiration of the pretrial scheduling deadline, the Court finds that good cause exists to modify the pretrial scheduling order. *Cf. Dimensional Commnc'n, Inc. v. Oz Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of facts underlying the proposed counterclaim well before the amendment deadline").