THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCRANTON PRODUCTS, INC., | : |
| | : |
| Plaintiff/ | : |
| Counterclaim Defendant, | : |
| v. | : 3:14-CV-00853 |
| | : (JUDGE MARIANI) |
| BOBRICK WASHROOM | : |
| EQUIPMENT, INC., | : |
| | : |
| Defendant/ | : |
| Counterclaim | : |
| Plaintiff | : |

## MEMORANDUM OPINION

Presently before the Court is a Motion for Voluntary Dismissal with Prejudice filed by the Plaintiff/Counterclaim Defendant Scranton Products, Inc. ("SP"). (Doc. 233). For the reasons that follow, SP's Motion for Voluntary Dismissal With Prejudice will be granted.

### I. FACTUAL BACKGROUND

Plaintiff/Counterclaim Defendant SP filed a complaint in May 2014 alleging, among other things, that Defendant/Counterclaim Plaintiff Bobrick Washroom Equipment Inc., ("Bobrick") "carefully orchestrated a campaign to scare architects, product specifiers, procurement representatives, building owners, and others in the construction industry into believing that Scranton Products' toilet partitions are fire hazards, are unsafe and pose health and safety risks if used in building projects across the country." (Compl. at ¶ 1). SP asserted two claims under the Lanham Act, 15 U.S.C. § 1125(a), claiming "literally false advertising," and

"deceptive and misleading advertising" and sought both monetary damages and equitable relief. (*Id.* at ¶¶ 61-76). SP also brought claims under Pennsylvania law, alleging common law unfair competition, commercial disparagement, and tortious interference with existing or prospective business relations. (*Id.* at ¶¶ 77-92). Bobrick filed its Answer on June 25, 2014.

On November 10, 2016, Bobrick filed a Motion for Leave to File an Amended Answer with Counterclaims. (Doc. 213). SP filed a brief in Opposition to Bobrick's Motion on November 23, 2016. (Doc. 226). One business day before Bobrick's Motion was fully briefed, SP filed the instant Motion for Voluntary Dismissal with Prejudice. (Doc. 233). According to SP, its "new management has evaluated its claims—both the effect of the conduct of [Bobrick] on Scranton Product's business, and the substantive allegations underpinning the lawsuit—and decided to dismiss them." (Doc. 259, at 7).

On December 16, 2016, the Court granted Bobrick's Motion for Leave to File an Amended Answer with Counterclaims. (Doc. 240). That same day, the Court issued an Order providing that "in light of the Court's ruling granting Defendant Bobrick Washroom Equipment Inc.'s Motion for Leave to File an Amended Answer With Counterclaims, (Doc. 213), Plaintiff Scranton Products Inc. shall have **seven (7)** days from the date of this Order to inform the Court whether it wishes to withdraw its Motion for Voluntary Dismissal." (Doc. 241) (emphasis in original). Three days later, on December 19, 2016, SP informed the

2

Court that it "is not withdrawing its Motion for Voluntary Dismissal With Prejudice." (Doc. 244).

On December 23, 2016, Bobrick filed a brief "in opposition" to SP's Motion for Voluntary Dismissal With Prejudice. (Doc. 245). In its brief, Bobrick notes that it does not *per se* oppose SP's Motion. Rather, Bobrick asks the Court defer any decision on SP's Motion until after Bobrick files a contemplated Motion for Attorneys' Fees, and the Court rules on that motion. (Doc. 245-2). Specifically, Bobrick asks that the Court enter the following Order:

(1) Within 45 days of the date of this Order, SP's counsel will make Don Wharton and Eric Jungbluth available for deposition on issues relating to whether this is an 'exceptional case' under 15 U.S.C. 1117(a). Bobrick will be permitted to depose these individuals at a later time regarding other issues;

(2) Bobrick will file a motion for attorneys' fees and costs no later than 10 days after the expiration of this 45-day period;

(3) After briefing on Bobrick's motion for attorneys' fees and costs is completed, the Court will schedule an evidentiary hearing, if needed; and

(4) The Court will defer decision on the Dismissal Motion until Bobrick's motion for attorneys' fees is decided.

(*Id.*).

In its Reply, SP opposes the conditions contemplated by Bobrick, maintaining that whether Bobrick is entitled to fees and costs is a separate issue from whether SP's Motion should be granted. (Doc. 259). SP further maintains that conditioning SP's Motion on the resolution of Bobrick's fee request will needlessly delay the resolution of this case. Bobrick

3

thereafter filed a Surreply brief where it claims that it "may be prejudiced if SP's motion were granted immediately and without condition" because "SP's sudden decision to abandon its claim threatens to cut short Bobrick's ability to take discovery that will further support an 'exceptional case' finding" to warrant fees under the Lanham Act. (Doc. 271, at 2-3).

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) governs dismissal of actions. The Rule provides, in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "[M]otions to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure should be granted liberally." *In re Innovative Commc'n Corp.*, 567 F. App'x 109, 112 (3d Cir. 2014). Where, as here, a party seems to voluntarily dismiss its claims with prejudice "courts typically attach no conditions to the dismissal, including an award of attorneys' fees and costs, unless there are exceptional circumstances such as where Plaintiffs' counsel has abused the judicial process and acted in bad faith." *Carroll v. E-One, Inc.*, Civil Action No. 15-CV-0562, 2016 WL 4702145, at *2 (E.D. Pa. Sept. 8, 2016) (citations omitted).

In "opposition" to SP's Motion, Bobrick does not argue that if the Court grants SP's Motion then its counterclaim cannot remain pending for independent adjudication. In fact,

4

Bobrick readily admits that its counterclaims "will proceed regardless of the timing of a ruling on the Dismissal Motion." (Doc. 271, at 5). Instead, Bobrick's principal objection to the Court granting SP's Motion is that "granting dismissal before Bobrick can depose the key decisionmakers responsible for filing this baseless lawsuit about the pre-filing investigation would deprive Bobrick of a full record on which to show that this is an 'exceptional case' warranting attorneys' fees under the Lanham Act." (Doc. 245, at 6). The Court disagrees. Granting SP's Motion would in no way affect Bobrick's ability to later seek additional discovery, fees, and costs with respect to its contemplated motion. *See Cooter & Gell v. Hartmartx Corp.*, 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) ("It is well established that a federal court may consider issues after an action is no longer pending."). These "collateral issues" include motions for fees and costs. *Id.* Bobrick will no doubt be able to depose Mr. Wharton and Mr. Jungbluth on various issues that will enable it to develop a full and complete record in order to support both its claims against SP and its contemplated motion for fees and costs.[1] Finally, to the extent that Federal Rule of Civil

---

[1] With respect to SP's argument that neither Mr. Wharton nor Mr. Jungbluth may be deposed pursuant to the "apex doctrine," the Court strongly rejects this argument. "The 'apex doctrine' is an analytic framework used by courts is assessing whether to permit the depositions of individuals at the 'apex' of corporations and other entities." *United States ex rel. Galmines v. Novartis Pharm. Corp.*, Civil Action No. 06-3213, 2015 WL 4973626, at *1 (E.D. Pa. Aug. 20, 2015). "The doctrine recognizes that depositions of high-level officers severely burdens those officers and the entities they represent, and that adversaries might use this severe burden to their unfair advantage." *Id.* But the apex doctrine simply does not apply where, as here, both Mr. Wharton and Mr. Jungbluth possess unique and personal knowledge of the facts underlying this litigation. *Cf. In re Tylenol (Acetaminophen) Mktg. Sales Practices & Prods. Liab. Litig.*, Civil Action No. 14-mc-00072, 2014 WL 3035791, at *2 (E.D. Pa. July 1, 2014) ("Federal courts have the ability to prohibit the depositions of high-level executives in cases where the executive has no firsthand knowledge of the facts, under a theory which has come to be known as the apex doctrine."). As the testimony of SP's General Counsel Brian Cooper plainly demonstrates, both Mr. Wharton and Mr.

Procedure 54(d)(2) may require Bobrick to file its contemplated motion within 14 days, the Court would certainly be willing to permit Bobrick additional time to file its motion until after it has had the opportunity to depose Mr. Wharton and Mr. Jungbluth, if it so requests. *See* Fed. R. Civ. P. 54(d)(2)(B)-(B)(i) ("Unless a statute *or a court order* provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment.") (emphasis added).

### III. CONCLUSION

For the foregoing reasons, Plaintiff/Counterclaim Defendants SP's Motion for Voluntary Dismissal With Prejudice will be granted. A separate order follows.

Robert D. Mariani
United States District Judge

---

Jungbluth have personal knowledge of the facts giving rise to both Bobrick's counterclaims and Bobrick's contemplated motion for attorney's fees. (Doc. 271-1). Moreover, SP's claim that permitting the depositions of these two individuals would "inquire into litigation strategy and discussions with counsel," (Doc. 259, at 22) is not a sufficient basis to preclude the depositions of these individuals in their entirety. *See E.E.O.C. v. LifeCare Mgmt. Servs., LLC*, No. 02:08-CV-1358, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (noting that privilege objections to deposition "are premature" "unless and until [a party] actually ask a question at that deposition").