THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOBRICK WASHROOM** : <br> **EQUIPMENT, INC.** : <br> : <br>       **Plaintiff,** : <br> **v.** : <br> : <br> **SCRANTON PRODUCTS, INC.** : <br> : <br>       **Defendant.** : | 3:14-CV-00853 <br> (JUDGE MARIANI) |

## MEMORANDUM OPINION

Before the Court is a request by Defendant Scranton Products, Inc. ("SP") to uphold certain Attorneys Eyes Only ("AEO") designations that Bobrick has challenged. (Doc. 200). For the reasons that follow, Defendant's request will be granted.

The Protective Order currently in place in this litigation governs "any document, information, or other thing furnished by any party, to any other party," and further provides that each producing party may designate certain documents and information as "Confidential" and/or AEO. (Doc. 60). Under the Protective Order, a producing party may designate certain documents and information as "Confidential" when the information sought to be designated is "comprised of technical, financial, customer, or other commercial information which is not publicly known and is maintained by its possessors in confidence, or other information required by law or agreement to be kept confidential." (Doc. 60 at ¶ 2). For documents and information "comprised of trade secrets, confidential research and

development, or other confidential technical information" the producing party may designate such documents and information as AEO. (*Id.*). The Protective Order further provides:

> If, after conferring, the party seeking to designate documents or information as Attorneys' Eyes Only and the objecting party are unable to agree on whether documents or information should be designated for Attorneys' Eyes Only, the party seeking to designate the documents or information shall within three (3) business days submit the specific information to the Court *in camera*. The submission shall be accompanied by a written explanation setting forth the producing party's basis for designating the documents or information at issue for Attorneys' Eyes Only, and should attach the producing party's original notice and the objecting party's written objection. The Court shall then examine the specific documents or information in camera and determine whether such documents or information shall be designated for Attorneys' Eyes Only, in whole or in part. The party seeking the designation shall bear the burden of demonstrating that there is good cause and a reasonable basis in law and fact for the designation. Should the Court agree that documents or information shall be designated for Attorneys' Eyes Only, in whole or in part, the party producing the document(s) or information shall designate it by marking it as set forth in Paragraph 3(b)(i), above.

(*Id.* at ¶ 3(b)(iii)).

SP's AEO designations in the 27 documents at issue fall into three categories: (1) "internal documents generated as part of a 2013 research-and-development project aimed at reducing the manufacturing costs—and thereby increasing the profitability—of [SP's] HDPE toilet partitions," (Doc. 200, at 3); (2) "cost reduction measures . . . concerning toilet partition components—specifically, locks, hinges, and other hardware" which SP asserts "are measures that Bobrick could adopt for the toilet partition products that it sells," (*Id.* at 6); and (3) "information that relates to employee and company goals and performance on confidential development and financial matters that is contained in the written self-assessments and performance of its employees." (*Id.* at 7). Upon review of the parties'

2

submissions, (Docs. 200-201), *in camera* review of the documents and information in question, and counsel's arguments at the February 23, 2017 Status Conference, the Court finds that SP has demonstrated "good cause" to uphold its AEO designations by articulating concrete and specific harms that would result from de-designation. As SP cogently argues, among other things:

> It is difficult to conceive of information more deserving of AEO protection in litigation between competitors than information that reflects that project savings and profitability of existing and potential product formulations that was generated as part of an R&D initiative aimed at reducing costs. Dissemination of this information throughout Bobricks' organization creates a substantial risk of harm to Scranton Product's business, as it could be used to allow Bobrick to undersell Scranton Products in the market and/or develop products to compete with Scranton Products' most popular or most profitable offerings.

(Doc. 200, at 4-5). Accordingly, the Court finds that SP has properly designated the information contained in the 27 documents as AEO in accordance with the Protective Order.

A separate order follows.

_____
Robert D. Mariani
United States District Judge