THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOBRICK WASHROOM
EQUIPMENT, INC.

      Plaintiff,

v.                         3:14-CV-00853
                              (JUDGE MARIANI)
SCRANTON PRODUCTS, INC.

      Defendant.

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Bobrick Washroom Equipment Inc.'s ("Bobrick") Motion to Modify the Protective Order currently in place in this litigation. (Doc. 203). For the reasons that follow, Plaintiff's Motion will be denied.

### I.     FACTUAL BACKGROUND

The parties have stipulated to two protective orders in this litigation: the original Stipulated Protective Order dated August 11, 2014 (Doc. 31), and the Modified Stipulated Protective Order ("MSPO") entered on March 26, 2015. (Doc. 60). The MSPO provides that each party may designate as "Attorneys' Eyes Only" ("AEO") information "comprised of trade secrets, confidential research and development, or other confidential technical information." (Doc. 60, ¶ 2). The MSPO also limits the disclosure of AEO information to outside counsel for the receiving party, experts and consultants and "one (1) in-house counsel for the receiving party or (1) other individual designated by the receiving party in advance of disclosure." (*Id.* at ¶ 9).

On two prior occasions Bobrick has asked the Court to expand Paragraph 9(d) of the Stipulated Protective Order in order to permit it to share AEO designated information with two individuals: Mr. Gettelman, Bobrick's Vice President of External Affairs and current AEO designee, and Bobrick's President and CEO Mark Louchheim. (Docs. 45, 57). The Court has denied both requests. (Docs. 53, 88). Now, on its third attempt, Bobrick seeks modification of the MSPO "to permit disclosure of information designated Attorneys' Eyes Only . . . to two representatives of the receiving party, instead of one representative as in the current order."[1] (Doc. 203, at 1).

## II. ANALYSIS

In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), the Third Circuit held that a Court considering whether to modify an existing protective order must "use the same balancing test that is used in determining whether to grant such orders in the first instance." *Id.* at 790. A Court should grant a protective order in the first instance where "good cause" exists, and upon consideration of the following factors:

(1) whether disclosure will violate any privacy interests;

(2) whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) whether disclosure of the information will cause a party embarrassment;

---

[1] The Court has extensively discussed the provisions of the MSPO in a prior memorandum opinion and need not repeat them here. *See Scranton Prods. Inc. v. Bobrick Washroom Equip., Inc.*, 190 F. Supp. 3d 419, 426-27, 441-42 (M.D. Pa. 2016).

> (4) whether confidentiality is being sought over information important to public health and safety;
>
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> (7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). These factors, however, are "neither mandatory nor exhaustive." *Id.* In addition, a Court deciding whether to modify an existing protective order must consider the parties' reliance on the protective order. *Pansy*, 23 F.3d at 790.

As an initial matter, Bobrick, as "[t]he party seeking to modify" the MSPO must "come forward with a reason to modify the order." *Id.* Bobrick spends much of its time in its briefs, and spent much time at the February 23, 2017 Status Conference, lamenting over the fact that a provision of the MSPO (which it agreed to on two occasions) permits only one of its representatives to view AEO information, noting that it only agreed to this provision based on SP's "representation that the AEO designation would be used sparingly." (Doc. 204, at 5). Thus, Bobrick claims that:

> Under Third Circuit law, the Protective Order should now be modified because Bobrick's need to access the information at issue outweighs SP's need to prevent disclosure to Mr. Louchheim. Bobrick's need is substantial—Mr. Louchheim has the ultimate fiduciary responsibility to make decisions for Bobrick regarding litigation

3

strategy and expenditures and requires complete information to do so effectively. Bobrick is obviously disadvantaged when the primary decision-maker in the company has no information about key factual issues due to SP's designation of critical discovery material as AEO.

(*Id.* at 6). But Bobrick's grievances are both overstated and entirely of its own making. Bobrick twice agreed to the terms at issue in both the Stipulated Protective Order and the MSPO. And Bobrick further chose to designate Mr. Gettelman, not Mr. Louchheim, as its sole AEO designee to date. There is no dispute that for any of the upcoming productions Mr. Louchheim may view AEO information if he is so designated by Bobrick. The decision is up to Bobrick, and the Court does not believe that Bobrick has set forth a good reason for modification of the MSPO. *See Crum & Crum Enters., Inc. v. NDC of California, L.P.*, Civil No. 09-145 (RBK), 2011 WL 886356, at *3 (D. Del. Mar. 10, 2011) (denying motion to modify the protective order where the moving party "fails to provide an adequate reason for modifying the protective order, and, even if Plaintiff provided an adequate reason, [Defendant] demonstrated good cause for maintaining" the protective order). Nevertheless, the Court will address whether Bobrick's claimed need for Mr. Louchheim to view AEO information outweighs SP's need for limiting the disclosure AEO information to only one individual within Bobrick's organization.

Turning to the *Pansy* factors, the Court will first address whether the modification Bobrick seeks would violate any privacy interests. A party's "interest in privacy is very important to the balancing test." *Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 506 (E.D. Pa. 2004) (citing *Pansy*, 23 F.3d at 787). This Court has already found that the

4

information which SP has designated as AEO—which includes highly sensitive information about pricing and the chemical composition of its products—constitutes trade secrets and commercially sensitive information warranting AEO designation under the MSPO. *See Scranton Prods.*, 190 F. Supp. 3d at 439-440. Information about SP's pricing and the chemical composition of the products it manufactures no doubt is highly sensitive commercial information that a competitor like Bobrick could use to its advantage in the marketplace, and is the very type of information the parties contemplated would be designated as AEO and that Courts in this Circuit have found warrant protection under a protective order. *See Eisai Inc. v. Sanofi-Aventis U.S., LLC*, Civil Action No. 08-4168 (MLC), 2015 WL 1138400, at *4 (D.N.J. Mar. 11, 2015) (denying motion to modify protective order where, as here, the party opposing modification "demonstrated that the disclosure of specific confidential business documents contained in the record would likely lead to significant competitive or commercial disadvantage"); *United States v. Chromatex, Inc.* Civil No. 91-1501, 2010 WL 2696759, at *6 (M.D. Pa. July 6, 2010) (concluding that "disclosure may very well violate the privacy interest" of those relying on the protective order because "[t]he information at issue could be of value to competing businesses . . . and disclosure likely would result in significant harm"). Accordingly, the first factor of the *Pansy* balancing test weighs against modification of the MSPO.

Second, the Court cannot say that Bobrick is seeking this information for an entirely legitimate purpose. True, disclosing this information to Mr. Louchheim in order for him to

make necessary and appropriate decisions concerning the course of this litigation is a legitimate purpose. Equally true is that there is a very real potential "for the unconscious, but improper use of technical information" by Bobrick "in the future, in spite of any protective order." *Phillips Petroleum Co. v. Rexene Prods. Co.*, 158 F.R.D. 43, 46 (D. Del. 1994); *see also C.A. Meur Corp. v. Big River Fish Co.*, Nos. Civ A. 97-5402, Civ. A. 97-6073, Civ. A. 97-7154, 1998 WL 488007, at *4 (E.D. Pa. Aug. 10, 1998) ("Steven Coren is a decision-maker for Big River Fish Co. If he were to be allowed access to [plaintiff's] proprietary business records, he could through no conscious fault of his own, base future business decisions on the information obtained during discovery. The information would become part of a residue of knowledge which Mr. Coren would not shed after the termination of litigation."). The Court finds that this factor is neutral.

Third, there has been no argument from either party with respect to whether disclosure will cause SP embarrassment. As the Third Circuit recognized, "it may be especially difficult for a business enterprise, whose primary measure of well-being is presumably monetizable, to argue for a protective order on this ground." *Pansy*, 23 F.3d at 787. Accordingly, this factor weighs in favor of modification.

Fourth, the Court must consider whether the information is important to public health and safety. In *Pansy*, the Third Circuit instructed that "[c]ircumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety." *Id.* The Court is cognizant that this litigation involves issues important to

the public health and safety; namely, whether the toilet partitions sold by Defendant SP actually comply with NFPA-286.[2] Nevertheless, the fact that this litigation may have some importance to public health and safety does not mean that disclosure of SP's trade secrets and confidential business information to the CEO of its competitor is warranted. Bobrick does not seek modification of the MSPO in order to widely disseminate information and documents to the public for the public benefit. Rather, the modification is sought solely for the benefit of the CEO of a private litigant who, if Bobrick chooses, is entirely able to see AEO information going forward. The Court finds that this factor weighs against modification.

Fifth, there is no evidence that modification of the MSPO so that Bobrick may disclose AEO information to Mr. Louchheim as well as Mr. Gettelman will promote fairness and efficiency. As discussed, Mr. Louchheim is able to view this information going forward if Bobrick decides to designate him as its AEO recipient. This factor weighs against modification of the MSPO. *See Apeldyn Corp. v. AU Optronics Corp.*, Civil Action No. 08-568-SLR, 2012 WL 2368796, at *4 (D. Del. June 13, 2012) (permitting disclosure of AEO information to individuals not covered by the protective order "simply so that they may assist and evaluate counsel (or prospective counsel), would not promote fairness and efficiency for several reasons"); *C.A. Meur Corp.*, 1998 WL 488007, at *4 ("I believe that restricting

---

[2] "NFPA 286 is a test developed by the National Fire Protection Association identified in the International Building Code as the standard for evaluating the contribution of certain interior finish materials to room fire growth during specific fire exposure conditions." *Scranton Prods.*, 190 F. Supp. 3d at 425 n.1 (internal citation and quotation marks omitted). "The fire testing that NFPA 286 provides is known as the room corner test. NFPA 286 and its room-corner test applies only to interior finishes constructed of HDPE or polypropylene. NFPA 286 also sets forth the acceptance criteria that tested material must meet in order to pass the room-corner test." *Id.*

7

access to proprietary business documents to attorney and expert eyes promotes fairness and efficiency by preventing [plaintiff] from being disadvantaged in the commercial marketplace as a result of this litigation."). This factor weighs against modification of the MSPO.

Sixth, neither party is a public official or entity, which weighs against modification of the MSPO. *Apeldyn Corp.*, 2012 WL 2368796, at * 6.

Seventh, the Court must consider whether the case involves issues important to the public. In *Pansy*, the Third Circuit recognized that "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788. Here, as discussed, the Court is aware that this litigation involves issues important to the public, but finds that the fact that this litigation may have some public importance does not mean that modification of the MSPO in order to permit Mr. Louchheim to view AEO information implicates any public interests. This factor weighs against modification.

The Court must also consider the parties' reliance on the MSPO. The parties twice negotiated the AEO provisions in both the Stipulated Protective Order and MSPO in order to limit disclosure of information "comprised of trade secrets, confidential research and development, or other confidential technical information" (Doc. 60, ¶ 2), to one individual from each organization. Both parties have negotiated and relied on the terms of the MSPO throughout the nearly three years this case has been pending before the Court. The parties'

reliance on the MSPO throughout the course of litigation weighs against Bobrick's request for modification. *See Phillips Petroleum*, 158 F.R.D. at 47 ("[B]oth parties have used and benefitted from the agreed upon Protective Order, recognizing that certain confidential or sensitive information, including commercial data, would be sought in discovery. The parties did not negotiate the terms of the Protective Order in a vacuum, and voluntarily reached their agreement to facilitate discovery, based in part upon their experiences in past related litigation."); *see also Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, C.A. No. 1:08-cv-00874-RGA, 2013 WL 4476477, at *20 (D. Del. Jan. 22, 2013) (whether the parties "specifically bargained for" the terms of a protective order is a "factor [that] favors nondisclosure").

After consideration of the *Pansy* factors, and balancing Bobrick's need for this information against the injury resulting to SP from disclosure, the Court finds that modification of the MSPO is not warranted under the circumstances. SP has demonstrated that good cause still exists for upholding the provisions of the MSPO governing disclosure of AEO information by identifying concrete and specific injuries that would result from the disclosure of this AEO information to more than one individual within Bobrick's organization including, among other things, a competitive injury resulting from the disclosure of its highly sensitive trade secrets and commercial information to Mr. Louchheim, which the Court finds outweighs Mr. Louchheim's need for this information. *See* Feb. 23, 2017, Hr. Tr. at 8:21-9:25; *see also LG Display Co. Ltd. v. AU Optronics Corp.*, Civil Action Nos. 06-726-LPS, 07-

357-LPS, 2010 WL 5463305, at *4 (D. Del. Dec. 29, 2010) (denying motion to modify protective order where the documents and information in question "contain trade secrets and other financial and commercially sensitive information that could disadvantage" the party opposing modification). The Court further finds that Bobrick's arguments for the pressing need to modify the MSPO are grossly exaggerated and particularly unavailing under the circumstances.[3] *See C.A. Meur Corp.*, 1998 WL 488007, at *4 ("[Defendant] asserts that Steven Coren must be allowed to review all discovery documents in order to be able to effectively advise his attorneys in his defense. This point is not persuasive. Mr. Coren may give advice to his counsel with regard to litigation strategy, and he may rely on review of [plaintiff's] proprietary documents by independent experts in addition to attorney review."). Equally unavailing are Bobrick's "due process" concerns over the AEO provisions in the MSPO. *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014) (rejecting appellant's due process argument that district court erred in declining to lift AEO restriction and noting that "[n]o fundamental right is at issue here. The disclosure of confidential information on an attorneys' eyes only basis is a routine feature of civil litigation involving trade secrets.") (internal citation and quotation marks omitted).

Finally, the Court is mindful that changed circumstances may justify modification of a protective order, but finds that the changed circumstances identified in Bobrick's Motion and

---

[3] To cite but one example, counsel for Bobrick represented at the February 23, 2017 Status Conference that, "without being too dramatic, we have really reached a breaking point on this issue. I cannot any longer adequately represent my client, unless Mr. Louchheim can see these documents." Feb. 23, 2017 Hr. Tr. at 7:3-6.

at the February 23, 2017 Status Conference are insufficient to warrant modification of the MSPO. If Bobrick disputes the propriety of SP's AEO designations, it may file a challenge to the designations with this Court, after first seeking to resolve the dispute with SP, as it has done on multiple occasions throughout the course of this litigation.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion. A separate Order follows.[4]

Robert D. Mariani
United States District Judge

---

[4] At the February 23, 2017, Status Conference counsel for Bobrick represented that should the Court deny this Motion, he would request certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court is not at all inclined to grant permission to appeal. Courts in this Circuit, including cases relied upon by Bobrick in support of its Motion, have found that requests for an entry of a protective order, or modification of an existing protective, is "[c]learly . . . not an issue that meets the requirements for interlocutory appeal." *Alarmax Distributions, Inc. v. Honeywell Int'l Inc.*, 2:14-cv-1527, 2015 WL 12756857, at *3 (W.D. Pa. Nov. 24, 2015); *see also Wallace v. Powell*, Civil Action No. 3:10-cv-1405, 2012 WL 2007294, at *5 (M.D. Pa. June 5, 2012) (denying interlocutory appeal of order denying motion to modify protective order).