IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOBRICK WASHROOM EQUIPMENT,     :
INC.,                           :
      **Plaintiff,**          :
   v.                           :    3:14-CV-00853
                        :    (Judge Mariani)
SCRANTON PRODUCTS, INC.,        :
                        :
      **Defendant.**          :

## ORDER

The background of this Order is as follows:

On September 8, 2017, the parties in this action filed a joint motion for settlement, representing that they have settled their disputes in this action.  (Doc. 411).  The parties also attached a proposed Settlement Agreement to their motion.  (Doc. 411-1).  On November 2, 2017, the Court held a telephonic hearing to discuss the proposed Settlement Agreement.  During the hearing, the parties requested an opportunity to discuss the issues further privately and submit a revised Settlement Agreement.  The Court granted the parties' request, and on December 29, 2017, the parties submitted a joint letter to the Court, attaching a revised Settlement Agreement as an exhibit.  (Doc. 435).

**AND NOW, THIS _6th_ DAY OF MARCH, 2018,** in light of the parties' representations to the Court regarding the Settlement Agreement, the Court's telephone

conference with the parties, the submission of the revised Settlement Agreement and its exhibits, and other relevant documents on the record, **IT IS HEREBY ORDERED THAT:**

1.  The revised Settlement Agreement attached as Exhibit 1 to the parties' Joint Letter (Doc. 435) is **APPROVED.**

2.  The parties are authorized to execute the revised Settlement Agreement, attached as Exhibit 1 to the parties' Joint Letter (Doc. 435).

3.  Without affecting the finality of that judgment, the Court will retain jurisdiction for the limited purpose of enforcing the terms of this Settlement Agreement and adjudicating any disputes arising out of the Settlement Agreement.

4.  In light of the terms and conditions set forth in the Settlement Agreement, Paragraph 16 of the Modified Stipulated Protective Order (Doc. 60) is hereby **AMENDED** to read as follows:

    **Conclusion of Litigation.**

    Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of the Protective Order (including every person who executed the Confidentiality Agreement in the form attached as Exhibit A), with the sole exception for outside counsel described later in this paragraph, shall be under an obligation to destroy or return to the producing party all materials and documents containing Confidential or Attorneys' Eyes Only information, and to certify to the producing party such destruction or return.  The sole exception to this requirement is that outside counsel of record in the above captioned action for each party may retain one copy of all materials and documents containing Confidential or Attorneys' Eyes Only information for a period of ten (10) years and sixty (60) calendar days from the date of dismissal pursuant to settlement.  Further, outside counsel for any party shall

be entitled to retain one copy of all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

5. In light of the parties' representation that they have settled their disputes in this action, Bobrick Washroom Equipment, Inc.'s Motion to Compel (Doc. 389) is **DISMISSED AS MOOT.**

6. This action is hereby **DISMISSED WITH PREJUDICE.**

7. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge

3