UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| BOBRICK WASHROOM EQUIPMENT, INC., | : |
|---|---|
| Plaintiff, | : CIVIL ACTION NO. 3:14-CV-853<br>: (JUDGE MARIANI) |
| v. | : |
| SCRANTON PRODUCTS, INC., | : |
| Defendant. | : |

# MEMORANDUM OPINION
## I. INTRODUCTION

Here the Court considers the request of Defendant Scranton Products, Inc., ("Defendant") to bifurcate the fact discovery process related to Plaintiff Bobrick Washroom Equipment, Inc.'s Motion to Enforce Settlement Agreement (Doc. 452) and the Enforcement Motion Management Plan required by the Settlement Agreement (Doc. 435 ¶ 111). In the Joint Proposed Discovery and Enforcement Motion Management Plan (Doc. 485) submitted to the Court on March 30, 2020, Defendant proposes bifurcating the liability issues and the remedy issues associated with Plaintiff's motion. (*Id.* at 28-46.) Defendant reiterated this request at the telephonic Enforcement Motion Management Conference held on April 7, 2020. Plaintiff objected to the proposed bifurcation in the Joint Proposed Discovery and Enforcement Motion Management Plan (*id.* at 9-24) and at the Management Conference. The parties agreed at the Conference that the Court should decide the bifurcation issue

before establishing a discovery plan, and the Court advised the parties that it would do so within fourteen (14) days of the date of the Management Conference and, thereafter, would convene a second Management Conference to establish a discovery plan. For the reasons discussed below, the Court concludes bifurcation is not appropriate in the circumstances presented here.

## II. ANALYSIS

Defendant asserts that bifurcation is appropriate for several reasons, including the following: bifurcation will avoid extensive discovery and a lengthy hearing because the liability issues are narrow and involve undisputed facts where the remedy issues are fact-intensive and highly disputed (Doc. 485 at 29-34); bifurcation is also efficient because the limited discovery associated with the liability phase will not be hampered by the COVID-19 pandemic (*id.* at 34-35); the Court has authority to bifurcate proceedings (*id.* at 37-41); and Third Circuit precedent supports bifurcation here (*id.* a t44-45).

Plaintiff asserts numerous reasons why the Court should not bifurcate the proceedings: the Court does not have the power to bifurcate the proceedings under the Settlement Agreement which contemplates a unitary procedure for Enforcement Motion discovery (Doc. 485 at 10-11 (citing Doc. 435 ¶¶ 112, 113, 115)); the Settlement Agreement's references to the Federal Rules of Civil Procedure are not relevant to Defendant's bifurcation request (*id.* at 12-13 (citing Doc. 435 ¶¶ 108, 115)); and precedent in this Circuit demonstrates that the Court should reject bifurcation here (Doc. 485 at 17).

2

Looking first at what the Settlement Agreement allows, the Court concludes that, although the Settlement Agreement does not explicitly allow for a bifurcated Enforcement Motion procedure, it does not explicitly preclude bifurcation. Therefore, the Settlement Agreement, by its terms, does not strip the Court of the inherent authority to manage the resolution of pending matters.

As this Court has previously stated, a district court has "broad discretion" in determining whether to separate the issues of liability and damages. *Bernheisel v. Mikaya*, Civ. A. No. 3:13-CV-1496, 2016 WL 4211897, at *1 (M.D. Pa. Aug. 9, 2016) (citing *Idzojtic v. Pennsylvania R. Co.*, 456 F.2d 1228,1230 (3d Cir. 1972)). The Third Circuit Court of Appeals has recognized the Court's broad discretion in addressing discovery matters. *See, e.g., Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985). District courts too acknowledge this: "the broad discretion afforded courts in handling discovery disputes extends to decisions over bifurcating discovery." *Loreaux v. ACB Receivables Mgmt., Inc.*, Civ. A. No. 14-710 MAS, 2015 WL 5032052, at *3 (D.N.J. Aug. 25, 2015) (citing *Bandai*, 775 F.2d at 74 (holding that bifurcation orders and orders controlling order of discovery are reviewed for abuse of discretion)). "The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis." *Hartley-Culp v. Credit Mgmt. Co.*, Civ. A. No. 3:14-CV-282, 2014 WL 4630852, at *3 (M.D. Pa. Sept. 15, 2014) (citing *Idzojtic.*, 456 F.2d at 1230). "The moving party bears the burden of demonstrating that bifurcation would serve

judicial economy, avoid inconvenience, and not prejudice any of the parties." *EQT Prod. Co. v. Terra Servs., LLC*, Civ. A. No. 14-1053, 2014 WL 12838677, at *1 (W.D. Pa. Oct. 22, 2014) (internal quotation omitted).

*Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014), included assessment of the discovery aspects of bifurcation in its consideration of a motion to bifurcate under Rule 42(b), which provides that a district judge may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." The moving party's arguments included the assertion that discovery disputes would arise if the plaintiff's breach of contract and bad faith claims proceeded simultaneously as the latter would require extensive discovery which was not relevant to the former and the claims were "profoundly different" given the different focus of the claims. *Id.* at 345-46. The plaintiff countered that the issues were nearly identical and that the additional discovery and evidence was not so prejudicial as to require bifurcation. *Id.* at 346. The court agreed with the plaintiff after considering factors relevant to a bifurcation decision: "(1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the [moving] party would be prejudiced if bifurcation is not granted." *Id.* (citations omitted)).

The Third Circuit Court of Appeals has commented that "the trial judge is entrusted with discretion to decide case management issues, such as bifurcation because he is in a far better position than we to appraise the effect of a particular procedure on the parties." *In re Bayside Prison Litig.*, 157 F. App'x 545, 547 (3d Cir. 2005) (not precedential). Assessing the propriety of the trial court's refusal to order separate trials under Rule 42(b), the Third Circuit panel found that the appellants were

> correct that bifurcation is *appropriate* where litigation of one issue ... may eliminate the need to litigate a second issue. . . . However, bifurcation is certainly not *required* in these circumstances, especially when, as here, the issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials.

*Id.* at 547-48 (internal quotations and citations omitted).

The legal framework set out above clearly shows that this Court has broad discretion in addressing the pending matter. Before reviewing factors which inform the exercise of discretion, the Court notes that, though no official motion has been filed, it is appropriate to place the burden on Defendant, as the party requesting bifurcation, to show that bifurcation is warranted pursuant to relevant considerations.

First, although liability and remedy are different issues, the Court disagrees with Defendant's position that there is no overlap. (Doc. 485 at 29-34, 45.) Plaintiff sets out numerous bases for the overlap of issues and reasons why liability-related discovery goes beyond the limited exchange of documents suggested by Defendant. (*See* Doc. 485 at 14-17, 47.) The Court is not in a position at this stage of the proceedings to parse the efficacy

5

of the parties' assertions of issue overlap or lack thereof, particularly where Plaintiff's proposed discovery on an issue is within the parameters established by the Settlement Agreement. (*See* Doc. 435 ¶¶ 113, 115.) Further, as evidenced at the April 6, 2020, Conference in a discussion of recently-served initial discovery, the overlap of issues is inevitable, and bifurcation of discovery, given this overlap, would be cumbersome. Therefore, it would be improper and impractical for the Court to apply restrictions to discovery related to liability which is suggested as the prime reason for bifurcation. (*See* Doc. 485 at 29-36, 47.)

Second, although the parties dispute whether the liability and remedy issues require separate witnesses and documents, the dispute points to problems with bifurcation. As demonstrated by the parties' discussion of recently-served discovery referenced above, disagreements over what rightly belongs to liability and what to remedy point to the efficiency of one discovery plan as the best way to avoid ongoing categorization disputes. Further, the fact that both liability and remedy are governed by the Settlement Agreement suggests that the need for separate witnesses and documents would not be extensive.

Third, the parties dispute whether Plaintiff would be prejudiced by bifurcation (Doc. 485 at 19, 45-46), but the disagreement does not weigh in favor of bifurcation. Plaintiff alleges prejudice based on the delay of final resolution of the dispute, taking into consideration the length of time the Enforcement Motion has been pending and the alleged

6

ongoing breach of the Settlement Agreement. (Doc. 485 at 19.) Defendant maintains that Plaintiff will benefit from bifurcation because

> it will allow the parties to litigate the key liability issues in this matter quickly notwithstanding the COVID-19 crisis. Scranton Products' proposal will also give Bobrick an opportunity to "obtain a final decision on its request for injunctive relief" regarding the PDF issue as quickly as possible, as it demands, and finally resolve whether Scranton Products needs to change the conduct in which it is engaged today. It is Bobrick's proposal of a sprawling, fact-intensive 120-day discovery process and three-day hearing—all during a public health crisis— that threatens further delay.

(*Id.* at 45-46.) Given the Court's assessment of the discovery matters addressed above, a structured discovery period beyond Defendant's proposed limited exchange of documents (Doc. 485 at 47) is warranted in the circumstances presented here. Further, Defendant's proposed two-month period of discovery (*id.*), though half the duration of Plaintiff's proposal, does not address the length of time and delay which would be associated with the remedy phase should it be required. While the Court is sensitive to exigencies related to the COVID-19 pandemic and distinctions between modes of discovery, i.e., document exchanges compared with depositions, the Court is confident that any related scheduling difficulties can be addressed on an as-needed basis.

Finally, Defendant's assertions of prejudice (Doc. 485 at 46) do not outweigh the factors discussed above which indicate that bifurcation is not warranted in the circumstances presented here. The prejudice asserted by Scranton Products (*id.*) would not, in the Court's view, be more efficiently or properly addressed if bifurcation were permitted.

In sum, Defendant has not satisfied its burden of showing that a discovery and dispute resolution process not expressly provided for in the Settlement Agreement is appropriate in this instance. Scranton Products has not demonstrated that bifurcation "would serve judicial economy, avoid inconvenience, and not prejudice any of the parties," *EQT Prod.*, 2014 WL 12838677, at *1. In consideration of the showing required of Defendant and the relevant factors discussed above, the Court concludes that the ends of justice and the interests of the parties would not be served by the bifurcation requested by Defendant.

### III. CONCLUSION

For the foregoing reasons, Defendant's request to bifurcate the Enforcement Motion Management Plan into liability and remedy phases will be denied. A second Enforcement Motion Management Conference will be conducted to establish an appropriate discovery plan. An appropriate Order is filed simultaneously with this Memorandum Opinion.

                                           _s/ Robert D. Mariani_____
                                           Robert D. Mariani
                                           United States District Judge