THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BOBRICK WASHROOM EQUIPMENT, :
INC., :
: CIVIL ACTION NO. 3:14-CV-853
Plaintiff, : (JUDGE MARIANI)
:
v. :
:
SCRANTON PRODUCTS, INC., :
:
Defendant. :
:

## MEMORANDUM OPINION
### I. BACKGROUND

Ten motions are pending before the Court in the above captioned matter. Three of these are motions to enforce the Settlement Agreement. Plaintiff Bobrick Washroom Equipment, Inc., ("Bobrick") has two pending Enforcement Motions: Bobrick Washroom Equipment, Inc.'s Motion to Enforce Settlement Agreement (Doc. 452) filed on June 6, 2019, and Bobrick Washroom Equipment, Inc.'s Amended Second Motion to Enforce Settlement Agreement (Doc. 548) filed on February 2, 2021. Defendant Scranton Products, Inc., ("Scranton Products") filed Scranton Product, Inc.'s Moton to Enforce Settlement Agreement (Doc. 550) on March 4, 2021. An Evidentiary Hearing is scheduled for December 1, 2021, on Bobrick's June 6, 2019, motion (*see* Doc. 569), and an Evidentiary Hearing is scheduled for December 17, 2021, on Scranton's March 4, 2021, motion (*see*

Doc. 584).¹ At the parties' request, the scheduling of an Evidentiary Hearing on Bobrick's February 2, 2021, motion is held in abeyance. (*See* Doc. 571.)

The remaining seven motions are Scranton Products, Inc.'s Motion for Judgment on the Pleadings on Bobrick Washroom Equipment, Inc.'s Amended Second Motion to Enforce Settlement Agreement (Doc. 564), Scranton Products, Inc.'s Motion for Leave to File Amended Responses to the First and Second Motions to Enforce (Doc. 598), Scranton Products, Inc.'s Motion for Summary Judgment (Doc. 599), Scranton Products, Inc.'s Motion to Stay Discovery Pending Resolution of Its Motion for Summary Judgment (Doc. 603), Bobrick Washroom Equipment, Inc.'s Motion to Strike Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Stay Discovery (Doc. 615), Scranton Products, Inc.'s Motion to Add Exhibits Reflecting Redline of Changes Made to Scranton's Motion for Leave to File Amended Responses (Doc. 617), and Bobrick Washroom Equipment, Inc.'s Motion for an Extension of Time to Respond to Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Amend Responses (Doc. 618).

This Memorandum Opinion addresses only the motions filed subsequent to the parties' pending Enforcement Motions. For the reasons discussed below, the motions will either be denied or deemed moot.

---

¹ The Settlement Agreement indicates that an Enforcement Motion Evidentiary Hearing is also known as the "Enforcement Motion Hearing." (*See* Doc. 452-1 ¶ 120.)

## II. Discussion

The Settlement Agreement contains provisions relevant to the disposition of the seven motions considered herein.

> 107. A Response to Enforcement Motion may not counter-move or otherwise request affirmative relief under this Settlement Agreement on behalf of the non-moving Party. Any request for affirmative relief by the non-moving Party must be set forth in a separate Enforcement Motion.
>
> 108. . . . Enforcement Motions, Responses to Enforcement Motions, New Matter, and Replies to New Matter are subject to and governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Pennsylvania, except as otherwise provided in this Settlement Agreement, by separate agreement of the parties (with any necessary Court approval), or by order of the Court.
>
> 112. As soon as practicable after the Enforcement Motion Management Conference, the Court will issue a Scheduling Order to govern further proceedings. Unless the Parties otherwise agree and the Court concurs at the time of the Enforcement Motion Management Conference, an Enforcement Motion Hearing will be scheduled in the first instance for any dispute at issue, although the Parties may subsequently agree to proceed by briefing and oral argument alone, without an evidentiary hearing, as set forth below. . . .
>
> 118. If and only if both Parties agree that an evidentiary hearing is not required for the proper adjudication of an Enforcement Motion and jointly so notify the Court by a letter filed on the docket, the Court will proceed to adjudicate the Enforcement Motion based on the Parties' pre-argument written submissions and in-person oral argument, all of which shall be on the public record.
>
> 120. Unless both Parties agree that an evidentiary hearing is not required for the proper adjudication of an Enforcement Motion and jointly so notify the Court by a letter filed on the docket, the Court will proceed to adjudicate the Enforcement Motion by holding an evidentiary hearing (the Enforcement Motion Hearing), which shall be held on the public record.

> 129. The provisions of this Subpart VIII.F[2] shall be the only means by which the Parties may seek to enforce their rights under Part VIII of this Agreement. Specifically, the Parties are not entitled to file lawsuits or seek relief in any other proceeding or forum to enforce their rights under Part VIII of this Agreement. . . .

(Doc. 452-1.)

The Court has reviewed the parties' filings and their attempts to utilize procedures not contemplated by the Settlement Agreement. As a general matter, the Court finds that this approach to resolution of alleged breaches and enforcement of the Settlement Agreement severely undermines the purpose of the procedures set out in the Settlement Agreement which were intended to produce expeditious and relatively inexpensive resolution of post-agreement conflicts in the most direct and effective way. Based on this observation and a review of the record, the Court is of the view that the parties have strayed from the procedures contemplated and permitted by the Settlement Agreement which now requires correction by the Court.

The quoted provisions of the Settlement Agreement set out above clearly show that the parties have filed motions which are outside the parameters of those allowed by the Settlement Agreement in the absence of agreement of the parties or without an order of the Court. Specifically, neither the Federal Rules of Civil Procedure nor the Local Rules of Court for the Middle District of Pennsylvania contemplate motions for judgment on the pleadings, motions to strike, or summary judgment motions as vehicles for addressing

---

[2] Subpart VIIIF addresses enforcement of breaches of the Settlement Agreement. (Doc. 452-1.)

motions rather than pleadings.[3] (*See, e.g.,* Fed. R. Civ. P. 12(c) and (f), Fed. R. Civ. P. 56.)

Here Defendant Scranton Products seeks to use a Motion for Judgment on the Pleadings (Doc. 564) to attack Bobrick Washroom Equipment, Inc.'s Amended Second Motion to Enforce Settlement Agreement (Doc. 548) and a Motion for Summary Judgment (Doc. 599) to attack both of Bobrick's pending Enforcement Motions (Docs. 452, 458.) Bobrick seeks to strike motions filed by Scranton Products. (Doc. 615.) The Settlement Agreement does not envision, and the Court never intended with its approval of the Agreement (*see* Doc. 444) to have issues of breach resolved by pretrial motions seeking

---

[3] The Court recognizes a merits disposition of Bobrick Washroom Equipment, Inc.'s Motion to Strike Allegations Regarding Confidential Settlement Negotiations and for a Protective Order (Doc. 465). (*See* Docs. 477, 478.) The Court opted not to dismiss the motion on procedural grounds due to the subject matter of the motion but now finds it necessary to address the noncompliance of the motions at issue here with core requirements of the Settlement Agreement.

The Court also recognizes that the propriety of the filing of the Motion for Judgment on the Pleadings (Doc. 564) was raised at the May 5, 2021, telephonic Enforcement Motion Planning Conference. (*See* Doc. 576 at 5-16.) At the time, the Court found the filing in accord with paragraph 108 of the Settlement Agreement, a finding based on the parties' positions presented at the telephonic conference. (Doc. 576 at 16.) In so doing, the Court may have gone too far in construing the terms of paragraph 108 of the Settlement Agreement as allowing the Motion for Judgment on the Pleadings on the strength of counsels' assertions at the telephone conference. Further consideration and detailed independent review of the Settlement Agreement's enforcement provisions and the pending motions leads to the conclusion set out in the text, i.e., that use of motions traditionally directed at pleadings and seeking judgment as a matter of law are outside the scope of what is allowed in the Settlement Agreement as a matter of course. Thus, the Court now reaffirms that the specific and exclusive procedure for resolving disputes arising under the terms of the Settlement Agreement is the Enforcement Motion.

Notably, the Court has never issued an order following an Enforcement Motion Management Conference that contemplates or expressly provides for pre-evidentiary hearing dispositive motions. (*See* Docs. 502, 523, 546, 569, 571, 584.)

Further, any other past oral or written statement by the Court which could be construed to allow motions not contemplated in the Settlement Agreement are of no legal significance and have no interpretive or precedential effect.

5

judgment as a matter of law. Therefore, the Court will deny Scranton Products' motions which are outside the parameters of those allowed as a matter of course in the Settlement Agreement--Scranton Products, Inc.'s Motion for Judgment on the Pleadings on Bobrick Washroom Equipment, Inc.'s Amended Second Motion to Enforce Settlement Agreement (Doc. 564), and Scranton Products, Inc.'s Motion for Summary Judgment (Doc. 599).[4]

Based on denial of these motions, Bobrick Washroom Equipment, Inc.'s Motion to Strike Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Stay Discovery (Doc. 615), which is outside the parameters of those allowed in the settlement agreement, will be deemed moot. The foregoing determinations also render moot Scranton Products, Inc.'s Motion to Stay Discovery Pending Resolution of Its Motion for Summary Judgment (Doc. 603) and Bobrick Washroom Equipment, Inc.'s Motion for an Extension of Time to Respond to Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Amend Responses (Doc. 618).

Scranton Products, Inc.'s Motion for Leave to File Amended Responses to the First and Second Motions to Enforce (Doc. 598) is not precluded by the Settlement Agreement. However, the Court finds that it does not further the expeditious resolution of the pending Enforcement Motions for several reasons. Discovery has proceeded and is well underway based on the responses filed by Scranton Products' former counsel on July 3, 2019, as to

---

[4] Nothing in this Memorandum Opinion should be understood as a relinquishment by the Court of the authority granted to it by the Settlement Agreement to issue orders which it deems necessary to effectuate the provisions of the Settlement Agreement itself.

6

Bobrick's first Enforcement Motion (Doc. 453) and on March 3, 2021, as to Bobrick's second Enforcement Motion (Doc. 549). Scranton Products will have an opportunity to amend previous assertions and/or relinquish positions set forth in its responses to Plaintiff's Enforcement Motions at the Evidentiary Hearings. If Scranton Products seeks to alter its position on a matter before then, it can seek to do so by agreement of the parties. Absent such agreement, a full airing of relevant facts and issues will be undertaken at the Enforcement Motion Evidentiary Hearings and through the parties' subsequent submissions of proposed findings of fact, proposed conclusions of law, and related briefing. (*See* Doc. 452-1 ¶¶ 124, 125.) Therefore, given the late stage of the proceedings and acknowledging Scranton Products' ability to alter its previous assertions and positions as stated above, the Court will deny Scranton Products' Motion for Leave to File Amended Responses to the First and Second Motions to Enforce (Doc. 598). This determination renders moot Scranton Products, Inc.'s Motion to Add Exhibits Reflecting Redline of Changes Made to Scranton's Motion for Leave to File Amended Responses (Doc. 617).

The parties should understand that the Evidentiary Hearings to be held with respect to each Enforcement Motion (in the absence of an agreement to forego an Evidentiary Hearing and proceed on written submissions and in-person oral argument (Doc. 452-1 ¶ 118) shall be the exclusive forum for a determination on the merits of each Enforcement Motion. Further, the Court fully expects that the parties will be prepared to go forward with

the Evidentiary Hearings scheduled for December 1, 2021, and December 17, 2021. (*See* Docs. 569, 584.)

### III. CONCLUSION

For the reasons discussed above, the Court will deny Scranton Products, Inc.'s Motion for Judgment on the Pleadings on Bobrick Washroom Equipment, Inc.'s Amended Second Motion to Enforce Settlement Agreement (Doc. 564), Scranton Products, Inc.'s Motion for Leave to File Amended Responses to the First and Second Motions to Enforce (Doc. 598), and Scranton Products, Inc.'s Motion for Summary Judgment (Doc. 599). The Court will deem moot Scranton Products, Inc.'s Motion to Stay Discovery Pending Resolution of Its Motion for Summary Judgment (Doc. 603), Bobrick Washroom Equipment, Inc.'s Motion to Strike Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Stay Discovery (Doc. 615), Scranton Products, Inc.'s Motion to Add Exhibits Reflecting Redline of Changes Made to Scranton's Motion for Leave to File Amended Responses (Doc. 617), and Bobrick Washroom Equipment, Inc.'s Motion for an Extension of Time to Respond to Scranton Products, Inc.'s (1) Motion for Summary Judgment and (2) Motion to Amend Responses (Doc. 618). A separate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge