THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC., | : :<br>: CIVIL ACTION NO. 3:14-CV-853 |
| Plaintiff, | : (JUDGE MARIANI) |
| v. | : |
| SCRANTON PRODUCTS, INC., | : |
| Defendant. | : |

## ORDER

The background of this Order is as follows:

Defendant's counsel's February 12, 2024, correspondence identifies alleged discovery issues regarding documents and information sought by Plaintiff and Plaintiff's refusal to produce requested information and documents. (Doc. 753 at 1.) Defendant asks the Court to address the identified issues based on the Court's familiarity with Bobrick Washroom Equipment, Inc.'s Third Motion to Enforce Settlement Agreement (Doc. 704) "after which point the discovery master may enforce the Court's order and direction" (Doc. 753 at 3). Defendant also requests "suspension of all deadlines pending resolution of this discovery dispute." (*Id.*)

In support of the Court addressing the current discovery dispute rather than the discovery master, Defendant's counsel points to a statement made at the December 18, 2023, telephonic conference about the Court addressing certain discovery issues. (*See*

Doc. 753 at 1.) The Court acknowledges that, in retrospect, the referenced statement can be construed to allow an alternate path to resolution of discovery disputes than that set out in paragraph 116 of the Settlement Agreement, i.e., that the role of the *discovery master* is to "promptly resolv[e] any discovery disputes that may arise in connection with an Enforcement Motion" (Settlement Agreement ¶ 116 (Doc. 435) (emphasis added)).

The Court now clarifies that, to the extent the statement unintentionally usurped the role of the discovery master, the Court went too far. Defendant's identified discovery dispute is properly the province of Discovery Master Judge Thomas Vanaskie who was appointed with the Court's February 9, 2024, Order (Doc. 751). Pursuant to paragraph 116 of the Settlement Agreement, the dispute shall be decided by Judge Vanaskie after it is raised before him in the manner he prescribes.

Regarding Defendant's request for a "suspension of all deadlines pending resolution of this discovery dispute" (Doc. 753 at 3), the Court will issue a separate order setting out the dates and discovery limits jointly proposed by the parties on February 12, 2024, (*see* Docs. 752, 752-1). Should an extension of deadlines set out in the scheduling order become necessary, the parties may move the Court to do so.

**ACCORDINGLY, THIS** ___15th___ **DAY OF FEBRUARY 2024, IT IS HEREBY ORDERED THAT:**

1. Defendant's request for Court adjudication of the pending discovery dispute is **DENIED**;

2. All discovery disputes related to Bobrick Washroom Equipment, Inc.'s Third Motion to Enforce Settlement Agreement (Doc. 704) shall be the province of Discovery Master Vanaskie who "will determine, in his . . . discretion, the procedures to be used to raise and decide discovery disputes" pursuant to paragraph 116 of the Settlement Agreement;

3. Defendant's request for a "suspension of all deadlines pending resolution of this discovery dispute" (Doc. 753 at 3) is **DENIED**.

_____
Robert D. Mariani
United States District Judge