

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

May 8, 2024

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie (Ret.)
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

      Re:    *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
              Case No. 3:14-cv-00853-RDM (M.D. Pa.)

Dear Judge Vanaskie:

    We are writing to raise a discovery dispute concerning a subpoena Bobrick issued on Intertek Group. Scranton Products moves to quash certain aspects of that subpoena because it seeks confidential information that is unrelated to any claim or defense here.

**I.    Background**

    Scranton Products is committed to developing and offering safe, high-quality partitions to its customers. As part of that commitment, Scranton Products engages in market research, which includes analyzing competitors' products. This research allows Scranton Products to collect valuable data on how its products compare to others in the market on fire safety testing. Although these tests are conducted by Intertek, they are commissioned and paid for by Scranton Products, making them Scranton Products' property.

    In connection with its market research, Scranton Products conducted testing of Bobrick's partitions. ***Scranton Products was shocked to learn that those testing reports revealed that Bobrick's 1540 laminate partitions do not meet ASTM E84, Class B, as marketed by Bobrick***. Your Honor will certainly recall the horror on Mr. Louchheim's face at his deposition upon hearing this information.[1] Attached as

---

[1] Mr. Louchheim represented that Bobrick has not tested these partitions over the past 20 years to determine whether they still meet that marketed fire rating standard because Bobrick has not made substantial changes to these partitions during that period. Still, Mr. Louchheim admitted there have been changes to those partitions since the original testing certification, including, for example, to

**WINSTON & STRAWN LLP**

May 8, 2024
Page 2

Exhibit A is one such report from Intertek revealing that Bobrick's 1540 laminate partition—which is marketed as meeting ASTM E84, Class B—does not meet that standard. Scranton Products also presented Mr. Louchheim with results from an NFPA 286 Intertek test on Bobrick's 1540 laminate partition. This product ***surprisingly lasted less than 3 minutes in this 15-minute test***. Attached as Exhibit B is one such report from Intertek supporting these findings.

Immediately following Mr. Louchheim's deposition, Bobrick issued a subpoena on Intertek seeking testing results from Intertek in connection with any tests conducted by Intertek at the direction of Scranton Products, ***including test results of partitions from other partition manufacturers that have absolutely no involvement whatsoever to this litigation.*** (Ex. C.) Said differently, Bobrick is now seeking to obtain market research commissioned and paid for by Scranton Products that has no relevance to this action.

To be clear, Scranton Products does not object to Bobrick's subpoena for test results relating to the parties in this action, but Bobrick's request for results unrelated to the parties to this litigation should be quashed.

## II.    Scranton Products Has Standing to Move to Quash This Subpoena.

Scranton Products has standing to move to quash Bobrick's subpoena. Though parties generally lack standing to move to quash nonparty subpoenas, a party may do so where they have a personal interest in or privilege over the requested information. *See Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. 3:15-290, 2017 U.S. Dist. LEXIS 163624, at *14–15 (M.D. Pa. Sept. 28, 2017) (holding that the defendant had standing to quash a nonparty subpoena). Courts in this District have found that parties have such personal interest where the requested information concerns their confidential and proprietary business information. *See id.* Courts have specifically found that subpoenaed reports "paid for . . . at the request of" a party provide that party standing to move to quash a subpoena. *Moyer v. Berdanier*, No. 3:CV-11-1811, 2013 U.S. Dist. LEXIS 26093, at *9–10 (M.D. Pa. Feb. 26, 2013) (finding standing to contest the production of commissioned investigatory reports); *see New Park Ent. L.L.C. v. Elec. Factory Concerts, Inc.*, No. 98-775, 2000 U.S. Dist. LEXIS 531, at *14 (E.D. Pa. Jan. 13, 2000) (finding standing to contest the production of "documents contain[ing] confidential research, development and

---

the adhesive used in those partitions. In any event, Bobrick's misrepresentations concerning the fire rating of their partitions is a subject for another filing.

commercial information"). As previously noted, Bobrick's subpoena seeks Scranton Products' confidential business information in the form of product research paid for and commissioned by Scranton Products. This alone demonstrates a personal interest for Scranton Products sufficient to provide standing to quash this subpoena.

### III.   Bobrick's Subpoena Seeks Confidential and Irrelevant Information.

Your Honor should quash Bobrick's subpoena to the extent that it seeks documents concerning tests conducted on toilet partitions of manufacturers other than Bobrick and Scranton Products because such information is irrelevant and is confidential business information belonging to Scranton Products.

Like all discovery subject to Rule 26, information requested in a Rule 45 subpoena must be relevant to the claims at issue. Fed. R. Civ. P. 26(b)(1); *Rardon v. Falcon Safety Prods., Inc.*, Nos. 23-1594, 23-1596, 2023 U.S. App. LEXIS 21865, at *5 (3d Cir. Aug. 21, 2023). In evaluating relevance, courts in this Circuit consider whether the requested information relates to the action's underlying claims. *See, e.g.*, *Stevens v. Sullum*, No. 3:20-CV-01911, 2023 U.S. Dist. LEXIS 31485, at *26 (M.D. Pa. Feb. 24, 2023) (finding a nonparty subpoena seeking "all documents" including communications and reports to be overly broad and seeking irrelevant information); *Lakeview Pharmacy*, 2017 U.S. Dist. LEXIS 163624, at *20–21 (noting that the subpoenaed documents contain information "wholly unrelated to the underlying claims," which "militate[s] . . . in favor of granting the motion to quash").

Here, Bobrick's subpoena requests documents and information concerning "toilet partitions manufactured by . . . ASI Global Partitions, and any other manufacturer of HDPE toilet partitions." (Ex. A at 6). This action is solely between Bobrick and Scranton Products. Neither ASI Global Partitions nor "any other manufacturer of HDPE toilet partitions" are parties to this lawsuit, and their toilet partitions have no bearing on Bobrick's asserted claims or Scranton Products' defenses. As such, Your Honor should quash the subpoena to the extent that it seeks documents related to tests of nonparty products.

Even if Your Honor held these nonparty tests are relevant to this action (they are not), Your Honor should quash this subpoena because it seeks Scranton Products' confidential research information. Courts can quash subpoenas where they require production of confidential research or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i). Courts in this District have recognized that there is a particular harm



where a nonparty subpoena contemplates the disclosure of confidential business information to a competitor. *See Lakeview Pharmacy*, 2017 U.S. Dist. LEXIS 163624, at *24–26. Courts fear that such a production, particularly where it would transmit information beyond the underlying claims, could gift the requesting party an unearned competitive advantage. *See id.*

Here, Bobrick's subpoena seeks testing results commissioned by and paid for by Scranton Products for its own business purposes. Clearly, Bobrick's primary aim is not to bolster its claims; Bobrick's subpoena is instead an attempt to access Scranton Products' product research on nonparty competitors. Scranton Products independently paid for and owns the tests at issue. Scranton Products commissioned Intertek to perform these tests for Scranton Products' own business purposes. The subpoena is a transparent attempt by Bobrick to acquire Scranton Products' confidential research materials. For this additional reason, the Court should quash Bobrick's subpoena with regards to tests of nonparty products.

### IV.   Conclusion

For these reasons, Scranton Products respectfully requests that Your Honor quash Bobrick's subpoena to the extent that it requests information relating to tests of nonparty toilet partitions.

Respectfully,

*/s/ Steven Grimes*
Steven Grimes

cc:   All counsel of record (via email)



## **LOCAL RULE 26.1 CERTIFICATION**

I certify that I have met and conferred in good faith with Bobrick's legal counsel on May 8, 2024 about the issues raised in this letter, and that the parties were unable to reach agreement. Bobrick's counsel refused to withdraw their requests for nonparty documents and information, arguing that Scranton Products does not have standing to object to the production of information concerning another manufacturer's product. For the reasons set forth herein, Scranton Products disagrees with that position.

*Frank A. Battaglia*
Frank A. Battaglia



May 8, 2024<br>
Page 6

## **PAGE LIMIT CERTIFICATION**

I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead. Scranton Products has filed the letter in 14-point font to comply with Middle District of Pennsylvania Local Rule 5.1(c) and Your Honor's direction to file these letters on the public docket.

May 8, 2024                                            /s/ *Frank A. Battaglia*
                                                       Frank A. Battaglia