AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | | |
|---|---|---|
| Bobrick Washroom Equipment, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:14-CV-853-RDM |
| Scranton Products, Inc., | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Intertek Testing Services NA, Inc., 16015 Shady Falls Road, Elmendorf, Texas 78112-9784

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Nationwide Legal C/O Pronto Process<br>8111 Mainland Suite 104-198<br>San Antonio, Texas 78240 | Date and Time:<br>05/15/2024 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/26/2024

CLERK OF COURT

OR

_____           /s/ Carl W. Hittinger
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bobrick Washroom Equipment, Inc. , who issues or requests this subpoena, are:

Carl W. Hittinger, BakerHostetler LLP, 1735 Market Street, Suite 3300, Philadelphia, PA 19103 Tel: (215) 564-2898, Email: chittinger@bakerlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:14-CV-853-RDM

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:14-cv-00853-RDM   Document 781-3   Filed 05/08/24   Page 3 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bobrick Washroom Equipment, Inc., *Plaintiff* v. Scranton Products, Inc., *Defendant* | Civil Action No. 3:14-CV-853 Hon. Robert D. Mariani |

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. Unless otherwise specified, or unless the context of the Request requires otherwise, responses to the Requests shall be governed by the Federal Rules of Civil Procedure and these Definitions and Instructions. Federal Rules 26-37 and 45 are hereby incorporated by reference.

2. In lieu of producing the requested documents in person at the time and place specified in the subpoena, You may produce the requested documents by mail or in electronic form. In order to make such arrangements, please contact Carl W. Hittinger at (215) 564-2898 or chittinger@bakerlaw.com.

3. "All," "any," and "each" shall each be construed as encompassing any and all.

4. "And" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of a Document Request all answers that might otherwise be construed to be outside of its scope.

5. "The AZEK Company" means The AZEK Company or anyone acting on behalf of The AZEK Company, including, but not limited to, officers, directors, employees, agents, independent sales representatives, partners, parents, subsidiaries, predecessor or successor and related entities (including but not limited to CPG International, LLC), and affiliates.

6. "Communication" means any transmission of information, including inquires, regardless of the form of the transmission or the information transmitted.

7. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

8. "Document" is defined as in Federal Rule of Civil Procedure 34(a)(1)(A).

9. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

10. "Scranton Products" means Scranton Products, Inc. and anyone acting on its behalf, including but not limited to officers, directors, employees, agents, representatives, partners, parents, subsidiaries, predecessor or successor and related entities, and affiliates. For the avoidance of doubt, "Scranton Products" also means both Vycom and The AZEK Company (as defined herein).

11. "You," "Your," and "Intertek" mean Intertek Testing Services NA, Inc., or anyone acting on behalf of Intertek Testing Services NA, Inc., including officers, directors, employees, agents, representatives, partners, parents, subsidiaries, predecessor or successor and related entities, and affiliates.

12. "HDPE" means high-density polyethylene.

13. Time period: these Document Requests seek Documents generated or obtained by Intertek on or after April 1, 2019.

14. Reference to any Person that is not a natural Person and is not otherwise defined herein refers to and includes any parent, subsidiary, affiliate, division, branch, agency, representative office, predecessor, successor, principal, member, director, officer, shareholder, manager, employee, attorney-in-fact, attorney, nominee, agent, or representative of such named Person.

15. Unless Documents are being produced as they are maintained in the ordinary course of business, each response should indicate which Documents are responsive to which Document Request(s).

16. Produce the original or duplicate, as those terms are defined by Rule 1001 of the Federal Rules of Evidence, of each requested Document together with all non-identical copies and drafts of that Document.

17. Documents not otherwise responsive to these Requests should be produced (i) if such Documents mention, discuss, refer to, explain, or concern one

3

or more Documents responsive to these Requests or (ii) if such Documents are attached to, enclosed with, or accompany Documents responsive to these Requests.

18. If any Document, or any part thereof, is not produced based on a claim of attorney-client privilege, work-product protection, or any other privilege, produce a privilege log, in accordance with Federal Rule 26(b)(5), containing information sufficient to enable Bobrick and the discovery master assigned to this case to evaluate the claim of privilege.

19. To the extent a requested Document was at one time, but is no longer, in Intertek's possession, custody, or control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred outside Intertek's possession, custody, or control, or (iv) has been otherwise disposed of. For each such Document, provide a concise description of the Document, its subject matter, and timing of and reasons for its loss, destruction, transfer, or other disposal.

20. Consistent with Federal Rule of Civil Procedure 34(b)(1)(C), Bobrick requests that Documents be produced as follows:

- Single page Group IV TIFF image files not less than 300 dpi for all Documents, including paper, except for Excel, PowerPoint, media, and any database files, which will be produced in native format along with extracted text or OCR and review database load files (.dat and .opt) containing the following metadata fields:

- Emails: BegDoc#; EndDoc#; PgCount; To; From; CC; BCC; Date Sent; Date Received; Time Sent; Email Subject; Filename; Custodian; Document Extension; EDFolder; Path; Application; Conversation; Conversation Index; MD5Hash; All/Other Custodian; BegAttach; EndAttach; ParentID; NativeFile.

- Other electronic Documents: BegDoc#; EndDoc#; PgCount; Author; Filename; Path; Date Created; Date Last Modified; Document Title; Subject; Custodian; Document Extension; MD5Hash; NativeLink.

The text files shall be named to match the endorsed number assigned to the image of the first page of the corresponding document. Any files produced in native format should be produced with a link in the NativeFile field along with all extracted text and metadata fields. If an original document contains color, the Producing Party shall honor reasonable requests for production of a color image of the document. As necessary, color images may be produced in JPEG format rather than TIFF format.

**DOCUMENT REQUESTS**

1. All Documents concerning fire performance testing of toilet partitions conducted by Scranton Products or You (independently or at Scranton Products' direction), including but not limited to Documents concerning (i) requests for any

5

such test; (ii) the facility that conducted the test; (iii) any project name or identifying number assigned by the facility to that test; (iv) the protocol utilized for any such test; (v) the chemical composition of the material tested, including the chemical composition percentages of the material tested; (vi) any identifying names, numbers, or codes associated with that material; (vii) the results of any such test, (viii) reports of any such test (whether in draft or final form), including whether the toilet partitions passed the standard they were being tested for; (ix) the date the test was conducted; (x) notes related to any such test; (xi) internal Intertek Communications related to any of the foregoing; and (xii) Communications with Scranton Products related to any of the foregoing. This Document Request is intended to cover toilet partitions manufactured by Bobrick Washroom Equipment, Inc., Scranton Products, ASI Global Partitions, and any other manufacturer of HDPE toilet partitions.