# BakerHostetler

Baker&Hostetler LLP

1735 Market Street
Suite 3300
Philadelphia, PA  19103-7501

T  215.568.3100
F  215.568.3439
www.bakerlaw.com

Carl W. Hittinger
direct dial: 215.564.2898
chittinger@bakerlaw.com

May 9, 2024

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

Re:     *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.,*
         *No. 3:14-CV-853-RDM*

Dear Judge Vanaskie:

We write in response to Scranton Products May 2, 2024 discovery letter.

**Interrogatory Number 5**: Scranton Products' assertion that "Bobrick did not identify any relevant communications" in response to Interrogatory 5 is not true. By right under Federal Rule 33(d), Bobrick produced documents responsive to this request and even agreed to produce documents beyond the scope of Interrogatory 5, namely communications that did not, as Interrogatory 5 states, "seek[] . . . Documents concerning Scranton Products."

During Mr. Gettelman's deposition, he testified about a phone call he had with Bill Milam of Partitions Plus. Documents produced in this case and responsive to Interrogatory 5 identified that call, as Scranton Products acknowledged during Mr. Gettelman's deposition. Tr. of Gettelman Dep. at 19-21. While these documents provided the information that Scranton Products seeks, and

Hon. Thomas I. Vanaskie
May 9, 2024
Page 2

Scranton Products thoroughly questioned Mr. Gettelman about that call during his deposition, Bobrick will agree to supplement its answer to Interrogatory 5.

Scranton Products also argues Mr. Gettelman testified that Bobrick only searched for documents concerning the Harrisburg Courthouse project. That is not accurate. Mr. Gettelman testified that, apart from the Harrisburg Courthouse and the Partition Plus correspondence, Bobrick does not have responsive information. Tr. of 4/25/2024 Gettelman Dep. at 19:4-9, 74:12-75:13. Bobrick has produced responsive documents concerning the Harrisburg Courthouse project and, as noted above, will supplement its interrogatory answers to log the Partition Plus email.

Scranton Products also argues that Mr. Gettelman "admitted [in his deposition] that he did not bother asking his Vice President of Sales whether he or any Bobrick representative had any communications with anyone in the market about Scranton Products." That is a mischaracterization of Scranton Products' Interrogatory 5 and Mr. Gettelman's response. Interrogatory 5 only seeks communications where Bobrick was "<u>seeking any Documents</u> concerning Scranton Products" (emphasis added). As Mr. Gettelman explained in his deposition, he is the only Bobrick person that would have done that. Tr. of 4/25/2024 Gettelman Dep. at 17:17-22, 18:1-12. Counsel confirmed that Mr. Taylor does not have information responsive to Interrogatory 5, which Mr. Taylor would have testified to, but for Scranton Products' inexplicable decision to cancel his deposition after Mr. Taylor had already travelled to Scranton for his noticed deposition.

**Sylvester & Associates**: Under Federal Rule 34(a)(1), Bobrick must only produce documents in its "possession, custody, or control." Sylvester was an independent business entity until February 1, 2024, and Bobrick therefore did not have possession, custody, or control of any documents generated by Sylvester prior to that date. As Mark Louchheim's affidavit to this letter explains, Bobrick acquired Sylvester's intangible assets on February 1st of this year, and later hired its representatives (*See* Ex. A). Bobrick has conducted an investigation to determine whether any of those former employees have possession or custody of any Sylvester documents responsive to Scranton Products' document requests, other than what Bobrick has already produced. They have confirmed they do not.

Scranton Products is mistaken that, prior Bobrick's acquisition of some of Sylvester's intangible assets, Sylvester was Bobrick's "agent" for Rule 34

Hon. Thomas I. Vanaskie
May 9, 2024
Page 3

purposes. Scranton Products has not met its burden showing that Bobrick's arms-length, contractual business relationship with Sylvester, an independent legal entity, gives it the "legal right" to Sylvester's business files, regardless of whether Sylvester provided documents to Bobrick in the course of their business relationship. *Zaloga v. Borough of Moosic*, No. 3:10-CV-2604, 2012 WL 1899665, at *2 (M.D. Pa. May 24, 2012) (Mariani, J.) (quoting Third Circuit case law: "Control is defined as the legal right to obtain the documents required on demand."); *See Inline Connection Corp. v. AOL Time Warner Inc.*, No. 02-272, 2006 WL 2864586, at *3 (D. Del. Oct. 5, 2006) (Thynge, M.J.) ("However, under the law of the Third Circuit, the mere fact that [a party] may be able to obtain the information if it had a business or other reason to do so is irrelevant to the issue of control. Rather, the pertinent issue is whether [a party] ha[s] the legal *right* to obtain the information at issue."); *In re Novartis & Par Antitrust Litig.*, No. 2:19-MC-00149, 2019 WL 5722055, at *6 (E.D. Pa. Nov. 5, 2019) (Leeson, J.) (declining to order search and production even where "subsidiary two levels removed from its parent company," concluding: "The [Third Circuit] has declined to apply a broader definition of 'control' that would also include an inquiry into the practical ability of the subpoenaed party to obtain documents.").

Hon. Thomas I. Vanaskie
May 9, 2024
Page 4

Respectfully submitted,

Carl W. Hittinger

cc: all counsel of record

Hon. Thomas I. Vanaskie
May 9, 2024
Page 5

## **Local Rule 26.1 Certification**

I certify that I have met and conferred in good faith with Scranton Products'

legal counsel about the issues raised in this letter, and that the parties were unable

to reach agreement.

May 9, 2024                                          /s/ *Carl W. Hittinger*
                                                     Carl W. Hittinger

Hon. Thomas I. Vanaskie
May 9, 2024
Page 6

## **Page Limit Certification**

I certify that the foregoing letter is three pages or less, 12-point font,

excluding letterhead.


May 9, 2024                                        /s/ Carl W. Hittinger
                                                   Carl W. Hittinger