# BakerHostetler

Baker & Hostetler LLP

1735 Market Street
Suite 3300
Philadelphia, PA  19103-7501

T  215.568.3100
F  215.568.3439
www.bakerlaw.com

Carl W. Hittinger
direct dial: 215.564.2898
chittinger@bakerlaw.com

May 10, 2024

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

Re:   *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.,*
      *No. 3:14-CV-853-RDM*

Dear Judge Vanaskie:

We write in response to Scranton Products' May 8, 2024 letter objecting to Bobrick's subpoena on third-party Intertek Group.

Scranton Products' sole objection to the Intertek subpoena is Intertek's production of documents concerning third parties. As Scranton Products acknowledges, "parties generally lack standing to move to quash nonparty subpoenas," and that is especially true where, as here, the information it is objecting to does not even concern its own toilet partitions.

To the extent Scranton Products argues that toilet partition testing is irrelevant, Bobrick agrees and invites Scranton Products to stipulate to the preclusion of evidence concerning whether any toilet partition manufacturers' product passes the fire code that is marketed as applying to it.[1] Because Scranton

---

[1] Of course, the issue of whether the terms E84, Class A, and Class B apply to HDPE toilet partitions in any jurisdiction in the United States is an issue in this case, so such a stipulation would not apply to that issue.

Hon. Thomas I. Vanaskie
May 10, 2024
Page 2

Products is unlikely to agree to such a stipulation, having put fire code testing at issue in Mr. Louchheim's deposition, it cannot now claim Bobrick's subpoena seeks irrelevant information. If Scranton Products has conducted testing on Bobrick's toilet partitions, Bobrick is entitled to discover whether and how Scranton Products has conducted similar testing on other manufacturers' products. This information is relevant to assessing whether Scranton Products used the proper protocol and methodology to test Bobrick's partitions, as any deviation in testing of other manufacturers' products as compared to Bobrick's would undermine any argument that Scranton Products used the proper protocol and methodology. It is also relevant because (i) if Scranton Products tested competitors' HDPE toilet partitions against the NFPA 286 test (Bobrick does not sell HDPE partitions), that would suggest that Scranton Products knows that the NFPA 286 test, not the E84 test or Class A or Class B ratings, applies to HDPE partitions and (ii) if Scranton Products tested using the E84 test, that would suggest Scranton Products continues to use an inapplicable fire rating standard for HDPE partitions.

     To the extent Scranton Products argues that information about other toilet partition manufacturers' products is confidential, it cannot make the requisite showing under the protective order because the information does not concern Scranton Products' toilet partitions or business operations. And its confidentiality objection is undermined by Scranton Products decision not to challenge Intertek's production of documents concerning its own partitions.

                                              Respectfully submitted,

                                              Carl W. Hittinger

Hon. Thomas I. Vanaskie
May 10, 2024
Page 3

                                                          Carl W. Hittinger

cc: all counsel of record

Hon. Thomas I. Vanaskie
May 10, 2024
Page 4

## Page Limit Certification

I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead.


May 10, 2024                                                        /s/ Carl W. Hittinger
                                                                    Carl W. Hittinger