# BakerHostetler

**Baker & Hostetler LLP**

1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501

T 215.568.3100
F 215.568.3439
www.bakerlaw.com

May 29, 2024

Carl W. Hittinger
direct dial: 215.564.2898
chittinger@bakerlaw.com

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

Re:  *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.,*
     No. 3:14-CV-853-RDM

Dear Judge Vanaskie:

     We write to address issues with Scranton Products' May 7, 2024 deposition notices on Marcelo Hirschler, William Fitch, and Dan Frame. None of these individuals has knowledge or information relevant to Bobrick's Third Enforcement Motion, namely Scranton Products' advertising and market practices and Bobrick's decision to file the Third Enforcement Motion, and recent correspondence from Scranton Products shows these notices to be pretext for attempting to take discovery on irrelevant issues in order to file a new litigation against Bobrick.

     As Mr. Hirschler's May 12, 2024 letter to Scranton Products' Counsel shows (attached as Exhibit A), he does not have documents responsive to a subpoena Scranton Products recently served on him, showing that he also does not have information relevant to Bobrick's Third Enforcement Action. Nor has Mr. Hirschler ever worked for Bobrick or Scranton Products. Instead, Scranton Products' wants to depose him concerning his comments made at the 2023 National Fire Protection Association's Annual Technical Meeting regarding NFPA 286 testing, specifically fire test room setup, which is not in any way relevant to

Hon. Thomas I. Vanaskie
May 29, 2024
Page 2

Bobrick's Third Enforcement Motion about Scranton Products' marketing and advertising.

Scranton Products has also served a deposition notice and deposition subpoena on Bobrick's Vice President of Partitions and Cubicles Dan Frame and Bobrick's fire testing consultant William Fitch, respectively, neither of whom has relevant information concerning Scranton Products' marketing and advertising practices, and neither of whom was involved in deciding to proceed against Scranton Products in the Third Enforcement Action. Ex. B (Dan Frame affidavit); Ex. C (William Fitch affidavit).

On Friday, May 24, 2024, Scranton Products served a letter on Bobrick concerning the interior finish classification of Bobrick's toilet partitions. In that letter, Scranton Products alleges Bobrick's partitions "have violated state and federal laws," an issue that has nothing to do with the Settlement Agreement or Bobrick's Third Enforcement Motion. Ex. D. It is plainly Scranton Products' intention to seek information from Mr. Frame and Mr. Fitch to explore a separate litigation against Bobrick, an improper purpose for discovery under the Settlement Agreement, the focus of which is Scranton Products' partitions and advertising and marketing practices, not Bobrick's. As Your Honor stated during Mr. Van Winter's deposition on Friday, May 24, 2024: "This [Breach Action] is not about discovering whether there are other breaches of the settlement agreement that are unrelated to the specific marketing of Scranton Products' products." Rough Tr. at 34:12-15.

Accordingly, we respectfully request that Scranton Products' subpoenas on Mr. Hirschler and Mr. Fitch and deposition notice on Mr. Frame be quashed.

Hon. Thomas I. Vanaskie
May 29, 2024
Page 3

                                                Respectfully submitted,

                                                Carl W. Hittinger

cc: all counsel of record

Hon. Thomas I. Vanaskie
May 29, 2024
Page 4

## Page Limit Certification

I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead.

| | |
|---|---|
| May 29, 2024 | /s/ Carl W. Hittinger |
| | Carl W. Hittinger |