

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

May 30, 2024

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie (Ret.)
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

    Re: *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
       Case No. 3:14-cv-00853-RDM (M.D. Pa.)

Dear Judge Vanaskie:

  We are writing to raise a discovery dispute concerning Bobrick's recently submitted errata to Matthew Louchheim's deposition transcript (the "Errata Sheet"). Scranton Products respectfully requests that Your Honor strike certain portions of that Errata Sheet and reject Bobrick's ultra vires attempt to rewrite history.

### I. Admissions from Matthew Louchheim's Deposition

  As Your Honor will recall, Scranton Products deposed Matthew Louchheim on April 4, 2024. During that deposition, Scranton Products examined Mr. Louchheim on several topics, including allegations in Bobrick's Third Enforcement Action centered on Scranton Products' marketing materials supposedly contradicting the substance of the Customer Letter. Scranton Products presented Mr. Louchheim with the Customer Letter and three documents specifically referenced in Bobrick's Third Enforcement Action motion. Bobrick cited these documents as alleged evidence that Scranton Products' marketing materials contradict the substance of the Customer Letter.[1] Below is Mr. Louchheim's relevant testimony on these key documents (collectively, the "Relevant Testimony"):

> Q. Can you tell me, Matt, how does Exhibit 14 contradict the customer letter specifically?

---

[1] Attached hereto as **Exhibit 1** is the Customer Letter, which was presented as Exhibit 13 in Matt Louchheim's deposition. **Exhibit 2** is Scranton Products' Color Selection Form, which was presented as Exhibit 14 in Mr. Louchheim's deposition. **Exhibit 3** is Scranton Products' Fire Prevention Building Codes for Bathroom Partitions Website, which was presented as Exhibit 15 in Mr. Louchheim's deposition. **Exhibit 4** is Scranton Products' Color Visualizer, which was presented as Exhibit 16 in Mr. Louchheim's deposition. **Exhibit 5** contains relevant excerpts from Matt Louchheim's April 4, 2024 deposition.



A. Well, I don't necessarily --- as far as I can tell, at the time this was written, this letter, it says 43 states. And so it offers the NFPA 286 products as well as the other --- the other products. So do I see a contradiction, I'm not really quite sure what I'm looking for in terms of contradiction. What's a --- I don't --- what's contradicting? What to what?
(Ex. 5, 182:19-183:1).

Q. I totally get that. I --- I --- I get your view as to what you think is problematic, totally fine. But I asked you is a very different question. What in Exhibit 14 specifically contradicts what in Exhibit 13 specifically? And we have all day. We can sit here as long as you want.
A. --- I --- I don't --- I personally --- if you're asking me to find the contradiction, I'm not --- I'm not --- I'm not an attorney. But as --- as someone who has seen this letter for the first time and for someone who has seen this ---you know, maybe seen this before, I don't see --- I don't see a contradiction because there are two different messages.
(*Id.*, 184:24-185:5)

Q. Well, I --- that's fine. You can talk to your lawyers about that. I'm asking you whether there's anything in Exhibit 15 that contradicts the words in the customer letter?
A. I don't --- I don't see it as contradicting.
(*Id.*, 186:17-18)

Q. And conversely, if that link doesn't say that all 50 states in all jurisdictions in --- in --- in America require use of 286 for HDPE partitions, then you would agree that there is no contradictions. Correct?
A. If --- if there is a --- if there is, I would --- I would say that is correct.
(*Id.*, 191:10-11)

At the end of Scranton Products' examination, Bobrick's counsel was afforded an opportunity to clarify or correct any misstatements. Bobrick's counsel asked Mr. Louchheim two questions. Mr. Hittinger asked whether the link in the Customer Letter was dead, and Mr. Louchheim confirmed it was. Following that question, Mr. Hittinger asked Mr. Louchheim if that meant he was correcting his testimony, which Mr. Louchheim confirmed. (*Id.* at 191:22-192:5.) Mr. Hittinger chose to not ask any further questions.

### II. Bobrick's Proposed Errata to Matthew Louchheim's Deposition Transcript Improperly Seeks to Change the Substance of Mr. Louchheim's Deposition Testimony.

Following Mr. Louchheim's deposition, on May 28, 2024, Bobrick served on Scranton Products Matt Louchheim's Errata Sheet. (Ex. 6.) To Scranton Products' surprise, Mr. Louchheim's Errata Sheet included substantive changes to Mr. Louchheim's sworn testimony, moving to strike the aforementioned Relevant Testimony from the deposition transcript. In all but one instance, the only explanation provided by Bobrick was "Corrected in other portions of deposition."[2] Bobrick's attempt to strike substantive testimony for tactical reasons is improper under Rule 30(e).

In *Bartos v. Pennsylvania*, 2010 WL 1657284, at *6 (M.D. Pa. Apr. 23, 2010), the Court analyzed Rule 30(e) and explained that "the purpose of an errata sheet is to *correct alleged inaccuracies* in what the deponent *said* at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said." That rule makes sense because construing Rule 30(e) otherwise would "allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination." *Id*. at *6 (internal citations omitted). In determining whether to strike an errata sheet, Courts consider several factors, including whether the deponent had counsel present and/or the opportunity to clarify or correct any misstatements during his deposition, and whether the deponent had access to the pertinent evidence at the time of his earlier testimony. *Id*. The relevant *Bartos* factors strongly favor striking Mr. Louchheim's errata.

Mr. Louchheim had counsel present at the deposition that could and did ask him to clarify the Relevant Testimony. (Ex. 5, 191:22-192:5.) Although Bobrick's counsel asked Mr. Louchheim two clarifying questions at his deposition, those questions did not disturb the key admissions obtained in the Relevant Testimony. Bobrick would now like everyone to pretend that unfavorable testimony never happened by striking it from the record without explanation beyond the testimony being supposedly "[c]orrected in other portions of deposition." (Ex. 6.) If Bobrick

---

[2] Mr. Louchheim's errata contained additional non-substantive modifications to the deposition transcript that Scranton Products is not challenging. Scranton Products only objects to the errata requests centered on the Relevant Testimony.



did ask additional clarifying questions on this Relevant Testimony, Scranton Products would have been afforded an opportunity to ask more questions on that testimony. Bobrick, however, wishes to turn this into a take home exam where Bobrick keeps favorable testimony and strikes unfavorable testimony without input from Scranton Products. Both *Bartos* and Rule 30(e) reject this type of gamesmanship, and Your Honor should do the same.

As for Mr. Louchheim's testimony centered on the link in the Customer Letter, Mr. Louchheim seeks to strike his testimony that "if [the] link [in the Customer Letter] doesn't say that that all 50 states in all jurisdictions in … America require use of 286 for HDPE partitions, then [he] would agree that there is no contradictions." (Ex. 5, 191:22-192:5). Mr. Louchheim coincidentally does not seek to strike his testimony that immediately preceded this answer in which Mr. Louchheim testified that the link in the Customer Letter was not working, but he believed that if the link did work, it would show all 50 states require HDPE to comply with NFPA 286. (Ex. 5, 190:22-192:5.) He stated that if the link in the Customer Letter showed every jurisdiction in America required HDPE to comply with NFPA 286, then he believed there was a contradiction, but if the link did not show that every jurisdiction in America required HDPE to comply with NFPA 286, then he agreed there was no contradiction. (Ex. 5, 190:22-192:5). Bobrick's counsel's attempt to strike the latter testimony while ignoring the former reveals that this proposed modification is not an attempt to correct an inaccuracy, but is instead an attempt "to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said." *Bartos*, 2010 WL 1657284, at *6. As a result, Your Honor should strike this improper modification that ignores Rule 30(e).

Respectfully,

*/s/ Steven Grimes*
Steven Grimes

cc: All counsel of record (via email)



## **LOCAL RULE 26.1 CERTIFICATION**

     I certify that I have met and conferred in good faith with Bobrick's legal counsel on May 30, 2024 about the issues raised in this letter. Bobrick stated their belief that the explanation set forth in Mr. Louchheim's errata sheet was satisfactory, and Scranton Products responded that it disagreed. The parties were thus unable to reach agreement.

 

*Frank A. Battaglia*
Frank A. Battaglia



May 30, 2024  
Page 6

## **PAGE LIMIT CERTIFICATION**

    I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead. Scranton Products has filed the letter in 14-point font to comply with Middle District of Pennsylvania Local Rule 5.1(c) and Your Honor's direction to file these letters on the public docket.

May 30, 2024                                 /s/ *Frank A. Battaglia*  
                                                              Frank A. Battaglia