

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

May 31, 2024

**VIA ECF AND EMAIL**
Hon. Thomas I. Vanaskie (Ret.)
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

  Re: *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
     No. 3:14-cv-00853-RDM (M.D. Pa.)

Dear Judge Vanaskie:

  We write in response to Bobrick's May 29, 2024 letter seeking to quash non-party depositions served on Marcelo Hirschler and William Fitch and the deposition notice served on Bobrick's Vice President of Partitions, Dan Frame. (Dkt. 786 ("Letter").)

  First, Bobrick lacks standing to challenge the deposition subpoenas of non-parties William Fitch and Marcelo Hirschler. Courts in this District have found that parties may establish standing to challenge a non-party subpoena where they have a personal interest in or privilege over the requested information. *See Lakeview Pharmacy of Racine, Inc. v. Catamaran Corp.*, No. 3:15- 290, 2017 U.S. Dist. LEXIS 163624, at *14–15 (M.D. Pa. Sept. 28, 2017) (holding that the defendant had standing to quash a nonparty subpoena). As described in Scranton Products' motion to quash the Intertek subpoena, a party may have such personal interest where the requested information concerns their confidential and proprietary business information. *See id*; *see also* Dkt. 781 (Scranton Products' motion to quash Intertek subpoena). Unlike Scranton Products' well-founded motion to quash the overly broad document subpoena to non-party Intertek, Bobrick does not offer any concern over the disclosure of confidential or proprietary information, or any invocation of a relevant privilege. As a result, Bobrick has failed to establish standing to quash these non-party subpoenas.

  Even if Bobrick could somehow conjure up standing (it cannot), Bobrick does not offer any valid reason to quash these subpoenas. Bobrick argues these non-parties do not possess relevant information to Bobrick's Third Enforcement Motion. In support, Bobrick points to a letter from Mr. Hirschler and an affidavit from Mr. Fitch stating that neither possess relevant information to this action. As Your Honor has ruled, even with an affidavit, Scranton Products has the right to challenge the


witness' knowledge or assertions through examination. (March 29, 2024 Hearing Tr. at 5-6.)

Bobrick also incorrectly assumes the scope of the topics Scranton Products may want to examine with the witnesses. For example, Bobrick states that Scranton Products "wants to depose [Mr. Hirschler] concerning his comments made at the 2023 National Fire Protection Association's Annual Technical Meeting regarding NFPA 286 testing, specifically fire test room setup, which is not in any way relevant to Bobrick's Third Enforcement Motion about Scranton Products' marketing and advertising." (Letter at 1-2.) That is not the focus of Scranton Products' inquiry. Rather, Scranton Products seeks to probe Bobrick's motivation in bringing this Third Enforcement Action, which is certainly relevant. For example, Bobrick argues Scranton Products is not a direct competitor. Scranton Products disagrees with that characterization and believes Bobrick's motivation for bringing this lawsuit is to harm Scranton Products for commercial gain. Witnesses who possess knowledge about Bobrick's actions to harm Scranton Products, as it relates to fire rating, are directly relevant to this case. Scranton Products believes that Mr. Hirschler has been a witness to such actions by Bobrick.

As for Mr. Frame, Bobrick argues he does not have relevant information concerning "Scranton Products' marketing and advertising practices, and neither of whom was involved in deciding to proceed against Scranton Products in the Third Enforcement Action." (Letter at 2.) Again, this purposefully narrow and self-serving construction of the issues misses the fact that Scranton has a right to defend itself against Bobrick's baseless claims. Mr. Frame is the Vice President of Toilet Partitions at Bobrick. Matthew Louchheim testified that Mr. Frame has first-hand knowledge of the testing protocols and fire rating standards used by Bobrick and that Mr. Frame would be the first person he would talk to after his deposition concerning Bobrick's marketing regarding fire rating. That knowledge is directly relevant here as Bobrick's has claimed that Scranton's use of fire rating terminology and practices is improper. Mr. Frame's testimony will shed light on the lens through which Bobrick views these issues, and whether their own practices comport with their litigation position. Or, if on the contrary, Bobrick is throwing stones from a glass house by lobbing litigation claims that are untethered from reality and their own practices. Mr. Frame undeniably has relevant information to this case, and Scranton Products has a right to examine Mr. Frame. If Bobrick believes Scranton Products' particular questions during the deposition are not relevant, they may raise those objections at that time, but that does not give Bobrick the right to quash a deposition notice that Scranton believes is highly relevant.



May 31, 2024  
Page 3

       Respectfully,

       */s/ Steven Grimes*  
       Steven Grimes

cc:    All counsel of record (via email)

**WINSTON & STRAWN LLP**

May 31, 2024
Page 4

## PAGE LIMIT CERTIFICATION

I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead. Scranton Products has filed the letter in 14-point font to comply with Middle District of Pennsylvania Local Rule 5.1(c) and Your Honor's direction to file these letters on the public docket.

May 31, 2024

/s/ *Frank A. Battaglia*
Frank A. Battaglia