UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bobrick Washroom Equipment, Inc., <br>    *Plaintiff* <br>    *v.* <br> Scranton Products, Inc., <br>    *Defendant* | Civil Action No. 3:14-CV-853-RDM <br><br> Hon. Robert D. Mariani |

**SPECIAL MASTER DISCOVERY ORDER NO. 8**

<u>**JUNE 5, 2024**</u>

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 29, 2024, counsel for Bobrick Washroom Equipment, Inc. ("Bobrick") filed a letter requesting that subpoenas and a deposition notice which Scranton Products, Inc. ("Scranton Products") served be quashed. (ECF No. 786). Specifically, Bobrick contends that the individuals on whom Scranton Products served the subpoenas and deposition notices, Marcelo Hirschler, William Fitch, and Dan Frame, lack knowledge relevant to Bobrick's Third Enforcement Action. (*Id*. at 2). Bobrick contends that Scranton Products' notices are attempts by Scranton Products to take discovery on issues irrelevant to the Third Enforcement Action to file new litigation against Bobrick. (*Id*.). Counsel for Scranton Products filed a response to Bobrick's letter on May 31, 2024. (ECF No. 788). As to the deposition subpoenas Scranton Products served on Mr. Fitch and Mr. Hirschler, Scranton Products contends that Bobrick lacks standing to challenge these depositions because Bobrick lacks a personal interest in or privilege over the requested information. (*Id*. at 1). Scranton Products contends that even if Bobrick were to demonstrate standing, Bobrick's representation that Mr. Hirschler and Mr. Fitch lack relevant information is

insufficient to prevent their depositions. (*Id*.). As to Mr. Frame, Scranton Products contends that Mr. Frame has information relevant to this proceeding, specifically the testing protocols and fire rating standards used by Bobrick. (*Id*. at 2). The foregoing issues were addressed during oral argument on May 31, 2024 via video call. The purpose of this Order is to set forth the orders entered on the record during the May 31 oral argument.

    **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. With respect to non-party witnesses Mr. Hirschler and Mr. Fitch, Bobrick lacks standing to move to quash the deposition subpoenas. Accordingly, Bobrick's motion to quash is **DENIED**. (*See* Tr. 5/31/2024 Hearing at 17).

2. Bobrick's request to quash the deposition notice served on Mr. Frame is **DENIED**. To the extent that Scranton Products may attempt to use his deposition for an improper purpose, Bobrick may utilize other available methods to remedy any misuse of discovery tools. (*See* Tr. 5/31/2024 Hearing at 17).

                                                                  s/ Thomas I. Vanaskie
                                                                  Thomas I. Vanaskie
                                                                  Special Master