

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

June 7, 2024

**VIA ECF AND EMAIL**

Hon. Thomas I. Vanaskie (Ret.)
Stevens & Lee
425 Biden Street, Suite 300
Scranton, PA 18503

      Re:   *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
             Case No. 3:14-cv-00853-RDM (M.D. Pa.)

Dear Judge Vanaskie:

      We are writing to raise a discovery dispute concerning Bobrick's wholly deficient responses and improper objections to Scranton Products' Second Set of Requests for Production (RFP) and Second Set of Interrogatories. Incredibly (even for this litigation), Bobrick **has refused to answer any** interrogatory and has stated they would **not search for or produce any** documents to Scranton Products' RFPs. With only **45 days** remaining before trial, Bobrick's continued obstruction threatens Scranton Products' ability to mount a proper defense. Bobrick's disregard for Scranton Products' right to defend itself appears to be a calculated attempt to "run out the clock" to avoid fulfilling their discovery obligations. To ensure a fair and timely trial, Scranton Products respectfully urges Your Honor to impose a strict one-week deadline on Bobrick to fully respond to all outstanding discovery requests. This will allow Scranton Products the opportunity to prepare a proper defense and avoid an unnecessary delay in these proceedings.

      **I.**      **Interrogatory 6 – Scranton Products' Good Faith**

      The Settlement Agreement is clear that the non-breaching party must provide the allegedly breaching party notice and a reasonable opportunity to cure the alleged breach *before* bringing an Enforcement Action. (Dkt. 435, ¶¶ 90-94.) Even after providing notice of breach and a reasonable opportunity to cure, the Settlement Agreement affords the allegedly breaching party another reasonable opportunity to cure if they make a good faith attempt to cure the breach. (*Id.* ¶ 93 ("If a Party provides written notice of a breach under the Settlement Agreement, and the other Party attempts in good faith to cure the breach but fails to cure the breach, then, following a subsequent written notice by the nonbreaching Party, the breaching Party



will have another reasonable period of time to cure the breach.").)

Following Bobrick's notice of breach, Scranton Products undertook a good faith effort to cure the alleged breaches raised in Bobrick's notice of breach. Despite those good faith efforts, Bobrick nevertheless charged forward with their Enforcement Action without further communication to Scranton Products. It is Scranton Products' belief that Bobrick did not comply with paragraph 93 of the Settlement Agreement, and Scranton Products has issued an Interrogatory seeking critical information on that important defense. Bobrick refuses to answer this Interrogatory "at this time" because it is still reviewing Scranton Products' document production. Ex. A at 10–11. Bobrick's refusal to answer this interrogatory is disingenuous at best. Bobrick had an obligation under the Settlement Agreement to give Scranton Products an opportunity to cure the alleged breach *before* filing this Enforcement Motion. Bobrick argues they need to review Scranton Product's document production—documents produced two years after Bobrick filed its Enforcement Action—to determine Scranton Products' good faith effort to cure the alleged breach. This is a transparent attempt to delay and obstruct discovery on facts from *before* Bobrick filed their Enforcement Motion.

## II.     Interrogatory 4 – Damages / Legal Fees

In connection with this Enforcement Action, Bobrick is seeking "an award of Bobrick's reasonable attorneys' fees and costs incurred in bringing and prosecuting this Enforcement Motion. (Dkt. 704 at 37.) To that end, Scranton Products issued an interrogatory on Bobrick seeking the total legal fees incurred by Bobrick "as of the date of these Interrogatories in connection with Bobrick's Third Enforcement Action." Ex. A at 9. Bobrick again refused to answer this Interrogatory, arguing that its legal fees will change materially throughout the duration of the case. Scranton Products does not dispute that Bobrick's fees will change as the case progresses, but Scranton Products' Interrogatory seeks information concerning Bobrick's legal fees—damages Bobrick is seeking in this Action—through the date of the Interrogatories. Therefore, Bobrick's fees throughout the remainder of the case are irrelevant for purposes of this Interrogatory. In any event, Scranton Products' Interrogatory seeking information on Bobrick's damages is relevant and must be answered.

### III. Interrogatory 1, 2, 3, 5; RFPs 1, 2, 3, 4, 5, 6 – Bobrick's Compliance & Partition Testing

Scranton Products issued several discovery requests seeking information concerning Bobrick's testing of their own partitions and Bobrick's supposed compliance with certain fire rating standards. *See* Ex. A, Interrogatory 1, 2, 3, 5; Ex. B, RFPs 1, 2, 3, 4, 5, 6. Bobrick refused to answer this interrogatory or produce documents in connection with these requests.

Scranton Products has continually argued since the outset of this case that Bobrick's Enforcement Action is improperly seeking to litigate issues this Court has already ruled it lacks jurisdiction to litigate. *See, e.g.*, Dkt. 759, 760 (Scranton Products' Motion for Clarification of this Court's August 8, 2023 Order). Bobrick has made clear that it intends on arguing Scranton Products allegedly breached the Settlement Agreement by marketing HDPE toilet partitions as tested in accordance with the inapplicable "ASTM E84" standard when there is no jurisdiction in the United States where the ASTM E84 test still applies to HDPE toilet partitions. Bobrick continues making this argument despite the Court previously ruling this exact claim was impermissible.

As a result, Bobrick has put the use of fire rating terminology directly at issue in this litigation—i.e., that Scranton Products' use of fire rating terminology and practices is improper. Because Bobrick has put this at issue, Scranton Products has a right to explore the lens through which Bobrick views these issues, including whether their own practices comport with their litigation position. In other words, does Bobrick practice what they preach (for purposes of this litigation) or is its made-up litigation position at odds with the day-to-day realities of its own business? Bobrick's unwillingness to participate in discovery on this issue is unfounded and improper.

Respectfully,

*/s/ Steven Grimes*
Steven Grimes

cc:     All counsel of record (via email)



June 7, 2024<br>Page 4

## **LOCAL RULE 26.1 CERTIFICATION**

I certify that I have met and conferred in good faith with Bobrick's legal counsel on June 7, 2024 about the issues raised in this letter, and that the parties were unable to reach agreement.

*Frank A. Battaglia*
Frank A. Battaglia

June 7, 2024
Page 5

## **PAGE LIMIT CERTIFICATION**

I certify that the foregoing letter is three pages or less, 12-point font, excluding letterhead. Scranton Products has filed the letter in 14-point font to comply with Middle District of Pennsylvania Local Rule 5.1(c) and Your Honor's direction to file these letters on the public docket.

June 7, 2024                           /s/ *Frank A. Battaglia*
                                       Frank A. Battaglia