# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bobrick Washroom Equipment, Inc., *Plaintiff*, v. Scranton Products, Inc., *Defendant*. | Civil Action No. 3:14-CV-00853-RDM<br>Hon. Robert D. Mariani |

### SCRANTON PRODUCTS' MOTION FOR STATUS CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16, Scranton Products moves this Court for a Status Conference to discuss the issues below before the upcoming Enforcement Hearing. In support of this Motion, Scranton Products states as follows:

1. Pursuant to this Court's Scheduling Order (Dkt. 755), the deadline for fact discovery was May 6, 2024, and the deadline for expert discovery is July 1, 2024.

2. Various delays have caused discovery to be taken well past the original fact discovery deadline, as permitted and endorsed by Judge Vanaskie. The following is the current status:

   a. **Written Discovery:**

      i. The parties have exchanged thousands of pages of discovery and dozens of interrogatories and request for admission responses.

      ii. A discovery dispute surrounding Bobrick's inadequate responses and objections to Scranton Products' Second Set of Requests for Production and Second Set of Interrogatories remains outstanding. Scranton Products has raised this issue with Judge Vanaskie, and the parties have a hearing on this issue on June 11, 2024.

  b. **Depositions:**

      i. Bobrick has conducted six depositions, and Scranton Products has conducted two depositions.

      ii. Scranton Products is deposing two additional Bobrick witnesses on June 11 and 13, 2024, respectively.[1]

      iii. Scranton Products' deposition of Bobrick's 30(b)(6) corporate representative is scheduled for July 9, 2024.

      iv. Scranton Products' is working with non-party Marcelo Hirschler to schedule his deposition.

---

[1] The delay in scheduling these depositions, as well as Bobrick's 30(b)(6) deposition, has largely centered on Bobrick's objection to making these witnesses available. With the resolution of those disputes, Scranton Products has scheduled those depositions.

    c. **Experts:**

        i. Bobrick produced the expert report of William Koffel on May 13, 2024, and Scranton Products produced an expert rebuttal report from Dale Wheeler on June 3, 2024.

        ii. Depositions of the parties' experts are scheduled for the week of July 8, 2024.[2]

3. The Enforcement Hearing in this matter is scheduled for July 25, 2024. That hearing is currently only scheduled for one day. During the parties' June 5, 2024 hearing with Judge Vanaskie, counsel for Scranton Products asked counsel for Bobrick whether they anticipated needing more than one day for the Enforcement Hearing. Counsel for Bobrick did not have an answer. Judge Vanaskie suggested the parties bring this issue to the Court's attention as promptly as possible.

4. It is Scranton Products' position that based on the scope of this Enforcement Action, the parties should be able to complete the Enforcement Hearing in one day. That estimate, however, assumes a favorable ruling from this Court on Scranton Products' pending Motion for Clarification, which seeks to limit the scope of the hearing to the issues set forth in the Court's jurisdictional order. (Dkt. 759, 760.)

---

[2] Scranton Products is prepared to conduct the deposition of Bobrick's expert and to make Scranton Products' expert available for a deposition before the close of expert discovery. Bobrick's counsel, however, will be out of the country on vacation from June 14 through July 3.

5. With discovery nearly complete, there is still a large disconnect between the parties on the scope of this action. A significant portion of the discovery Bobrick has sought relates to the argument that Scranton Products cannot market non-NFPA 286 partitions – the very argument that is the subject of Scranton Product's Motion for Clarification, as that argument has already been found by this Court to be beyond the jurisdiction of the Court. Scranton Products Motion to Clarify seeks a ruling on its understanding that this Court has already rejected Bobrick's central discovery argument and allowed only Bobrick's narrow claims—that certain Scranton Products statements contradicted the Customer Letter—to proceed.

6. Absent a ruling from this Court providing guidance on the proper parameters of this Enforcement Hearing, it is difficult for Scranton Products to accurately predict how many days will be necessary for a hearing, let alone prepare for the hearing. If Bobrick were permitted to pursue those arguments (which the Court has already denied), Scranton Products predicts the hearing may be closer to five days.

7. In an attempt to clarify the scope, duration, and schedule of the hearing, Scranton Products respectfully requests that this Court set a status hearing in the next several weeks.

8. Relatedly, Scranton Products requests that this Court set a deadline for the parties to submit motions in limine to help streamline the Enforcement Hearing.

WHEREFORE, Scranton Products respectfully requests that this Court schedule a Status Conference at its earliest convenience.

Dated: June 10, 2024                    Respectfully submitted,

**WINSTON & STRAWN LLP**
/s/ Steven Grimes
Steven Grimes (admitted *pro hac vice*)
Frank Battaglia (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, IL 60601-9703
T: 312-558-5600
F: 312-558-5700
sgrimes@winston.com
fbattaglia@winston.com

*Counsel for Defendant Scranton Products*

## **CERTIFICATE OF NON-CONCURRENCE**

I, Frank Battaglia, counsel for Scranton Products, Inc., hereby certify and affirm that I contacted counsel for Bobrick Washroom Equipment, Inc. on June 10, 2024 seeking their concurrence in this motion and notifying Bobrick that Scranton Products intended on filing this motion today. Counsel for Bobrick did not respond to that email.

Dated: June 10, 2024   */s/ Frank A. Battaglia*
  Frank A. Battaglia

## **CERTIFICATE OF SERVICE**

 I hereby certify that a correct copy of the foregoing motion has been served on the following counsel of record for Bobrick Washroom Equipment, Inc. through the Court's ECF system:

> Carl W. Hittinger
> Tyson Herrold
> 2929 Arch Street
> Cira Centre, 12th Floor
> Philadelphia, PA 19104-2891

Dated: June 10, 2024          */s/ Steven Grimes*
                   Steven Grimes