UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bobrick Washroom Equipment, Inc., <br> *Plaintiff* <br> v. <br> Scranton Products, Inc., <br> *Defendant* | Civil Action No. 3:14-CV-853-RDM <br><br> Hon. Robert D. Mariani |

**SPECIAL MASTER DISCOVERY ORDER NO. 10**

**June 13, 2024**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On June 7, 2024, Counsel for Scranton Products, Inc. ("Scranton Products") filed a letter requesting the opportunity to address alleged deficiencies in Bobrick Washroom Equipment, Inc.'s ("Bobrick") responses to Scranton Products' Second Set of Requests for Production and Second Set of Interrogatories. (ECF No. 792). Counsel for Scranton Products contends that Bobrick has refused to answer certain interrogatories or search for or produce documents requested in Scranton Products' Second Set of Requests for Production. (ECF No. 791 at 1). Counsel for Scranton Products contends that Bobrick's objections are an attempt to avoid fulfilling discovery obligations as the hearing date draws closer. To prevent any prejudice to Scranton Products as a result of Bobrick's delay, Counsel for Scranton Products

1

requests Bobrick be given a one week deadline to fully respond to all outstanding discovery requests. (*Id*.)

Counsel for Bobrick filed a response on June 10, 2024. (ECF No. 793). Regarding Scranton Products' Second Set of Interrogatories and Second Set of Requests for Production, Counsel for Bobrick contends that these requests are untimely because Counsel for Scranton Products served these discovery requests on May 6, 2024, the deadline for the parties to complete fact discovery. (*Id*.) Counsel for Bobrick contends that Scranton Products cannot show good cause for its delay and that requiring Bobrick to respond to Scranton Products' delayed requests would be an impermissible extension of the discovery deadline. (*Id*. at 2). Counsel for Bobrick also represents that Scranton Products has exceeded the number of interrogatories permitted by Judge Mariani, and that answering *any* interrogatories would waive Bobrick's objection to the number of interrogatories. (*Id*. at 3). Regarding the subject matter of several of Scranton Products' requests, Counsel for Bobrick contends that these requests seek information irrelevant to the Third Enforcement Action but which Scranton Products may use to initiate a separate case against Bobrick. (*Id*.) The foregoing issues were addressed during oral argument on June 11, 2024 via video call. The purpose of this Order is to set forth the orders entered on the record during the June 11 oral argument.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Scranton Products' Second Set of Interrogatories and Second Set of Requests for Production are timely given the parties' continued pursuit of fact discovery beyond the May 6, 2024 deadline. (*See* Tr. 06/11/2024 Hearing at 8:19-9:5).

2. Regarding the number of interrogatories served by Counsel for Scranton Products, Scranton Products is not in excess of the number of permissible interrogatories. (*See* Tr. 06/11/2024 Hearing at 14:2-15:18).

3. Bobrick will not be required to provide responses to Interrogatories 1, 2, 3, or 5 because these interrogatories request information that is not relevant to the Third Enforcement Action. (*See* Tr. 06/11/2024 Hearing at 21:8-14).

4. Regarding Interrogatory 4, Bobrick will provide to Scranton Products the numerical amount of its legal fees incurred in connection with the Third Enforcement Action by June 25, 2024. (*See* Tr. 06/11/2024 Hearing at 24:6).

5. Bobrick will provide a response to Interrogatory 6 by June 25, 2024. (*See* Tr. 06/11/2024 Hearing at 28:9-10).

6. Consistent with the above orders, Bobrick will not be required to produce documents in response to Request for Production 1 which requests

documents that are not relevant to the Third Enforcement Action. (*See* Tr. 06/11/2024 Hearing at 29:13-22).

7. Bobrick will be required to respond to Request for Production 2 and produce responsive documents that are redacted to remove any information subject to the attorney-client privilege or work product privilege. (*See* Tr. 06/11/2024 Hearing at 32:1-3).

8. Bobrick will be required to respond to Request for Production 3 and produce responsive documents that are not subject to the attorney-client privilege or work product privilege. (*See* Tr. 06/11/2024 Hearing at 33:9-15).

9. Regarding Scranton Products' Request for Production 4, the parties represented during oral argument that Bobrick will produce responsive documents at a later date such that no order is required at this time. (*See* Tr. 06/11/2024 Hearing at 33:20-23).

10. Bobrick will search for documents responsive to Request for Production 5 from the files of the individuals whom Scranton Products has deposed as well as the files of Zane Taylor and Mark Lockart, and produce documents that are not subject to the attorney-client privilege or work product privilege. (*See* Tr. 06/11/2024 Hearing at 35:13-22).

11. Bobrick will not be required to respond to Request for Production 6 because it requests documents that are not relevant to the Third Enforcement Action. (*See* Tr. 06/11/2024 Hearing at 36:7-10).

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie
Special Master
