UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Bobrick Washroom Equipment, Inc.,

*Plaintiff*

v.

Scranton Products, Inc.,

*Defendant*

Civil Action No. 3:14-CV-853-RDM

Hon. Robert D. Mariani

**SPECIAL MASTER DISCOVERY ORDER NO. 11**

**July 8, 2024**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

By letter dated June 26, 2024 and filed as ECF No. 802, Counsel for Scranton Products, Inc. ("Scranton Products") requested that I, as the Special Master for discovery issues, strike as irrelevant certain opinions propounded by William E. Koffel, P.E., FSPE, SASHE, the expert witness for Plaintiff Bobrick Washroom Equipment, Inc. ("Bobrick") in this proceeding concerning the alleged breach of a settlement agreement. Scranton Products urges that a ruling on this issue is required now because its expert is to be deposed on July 10, 2024, and Mr. Koffel is scheduled to be deposed on July 12, 2024. A ruling on the question of whether Mr. Koffel's opinions are relevant to the alleged breach of the settlement agreement will necessarily affect the anticipated scope of the examination of the expert witness.

1

This matter was addressed during a conference call I conducted this day. As I explained during the call, although Scranton Products' arguments are compelling, the request to strike parts of Mr. Koffel's report falls outside the parameters of my role as a discovery special master. Rulings on relevance, however, may be sought during the expert witnesses' depositions.

Also addressed during today's conference call was the adequacy of Bobrick's document production, a matter clearly within my purview. Bobrick produced only eight (8) documents from a dataset of 1,217 documents that contained agreed-upon search terms. Bobrick contends that the remaining 1,209 documents are either privileged or not responsive to Scranton Products' requests. Expressing incredulity, Scranton Products sought an order compelling production of the non-privileged documents withheld as non-responsive.[1] Because the burden of producing the allegedly non-responsive documents is not great, the relief requested by Scranton Products will be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Scranton Products' request to strike parts of the report and some of the opinions expressed by William E. Koffel is **DENIED, WITHOUT PREJUDICE.**

---

[1] Scranton Products expressly declined to seek a privilege log for the documents withheld as privileged.

2.  No later than Friday, July 12, 2024, Bobrick shall produce the non-privileged documents it has withheld as non-responsive.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
Special Master