UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Bobrick Washroom Equipment, Inc.,** *Plaintiff* v. **Scranton Products, Inc.,** *Defendant* | No. 3:14-CV-853-RDM Hon. Robert D. Mariani |

### BOBRICK WASHROOM EQUIPMENT, INC.'S
### PREHEARING MEMORANDUM

The pre-hearing conference of counsel pursuant to Local Rule 16.3(b) took place on July 17, 2024.

**A. Brief statement as to federal court jurisdiction**

The Court had jurisdiction over the underlying litigation pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 1367. *See* Settlement Agreement, Dkt. 435 at ¶15. The Court's March 6, 2018 Order approving the Settlement Agreement expressly retained jurisdiction "for the limited purpose of enforcing the terms of this Settlement Agreement and adjudicating any disputes arising out of the Settlement Agreement." Dkt. 444. The parties have expressly acknowledged the Court's personal jurisdiction over them (Dkt. 435 at ¶16) and have waived any objections and defenses to jurisdiction (*id.* at ¶18).

**B. Summary statement of facts and contentions as to liability**

On April 20, 2022, Bobrick sent Scranton Products' President Scott Van Winter a notice of breach. One of the breaches identified in that letter concerned Scranton Products' use of the terms "E84," "Class A," and "Class B" in its marketing and advertising materials, the latter two of which are fire ratings used in the E84 Tunnel Test, to purportedly indicate that Scranton Products' HDPE toilet partitions are fire rated. To date, Scranton Products continues to market and advertise nationally, including through customer communications and its proprietary specification, that its HDPE toilet partitions are "E84," and "Class B" fire rated. And to tell customers that "Class A" is the same as the NFPA 286 fire rating. Doing so is inconsistent with paragraph two of the Customer Letter and the link cited therein in a manner that is false and misleading.

Scranton Products' use of the terms "E84," "Class A," and "Class B" in marketing and advertising for its HDPE toilet partitions violates the Settlement Agreement because (i) it is inconsistent with the terms and intent of the Customer Letter and the updated link therein and (ii) as of January 1, 2022, all states in the United States have adopted a version of the International Building Code that requires HDPE toilet partitions used as interior finishes, which includes HDPE toilet partitions, to pass the more stringent NFPA 286 test, not the obsolete E84 test. As will be shown at the evidentiary hearing, Scranton Products' continued use

of the E84 test to market and advertise its HDPE toilet partitions, nationally and without any disclaimer, including "Class A" and "Class B" ratings thereunder, violates ¶ 89 (and related ¶ 5) of the Settlement Agreement.[1] Even if Scranton Products could show that a particular state allows local jurisdictions to adopt their own fire codes, and that an identified local jurisdiction within that state has adopted a version of the International Building Code that allows E84 testing of HDPE toilet partitions, Scranton Products' marketing and advertising does not identify any such jurisdictions specifically as jurisdictions that do not require NFPA 286 testing, or include any proper disclaimer of the type set forth in the Customer Letter: "You or the architect or designer on your project should consult the local state and building codes in effect in the area where the partitions are intended to be installed to see if the applicable building code requires HDPE bathroom partitions to be NFPA 286 compliant in the area of installation."

---

[1] Paragraph 89 of the Settlement Agreement states: "Scranton Products will not include in its marketing materials, advertisements, bulletins, terms and conditions, sales acknowledgements, shipping confirmations, website, or any other document or communication related to the sale of non-NFPA 286 compliant HDPE toilet partitions anything contradicting the substance of the information in the Customer Letter."

Paragraph 5 states: "Bobrick and Scranton Products have a shared interest in protecting public safety, encouraging compliance with fire, life safety, and building codes, educating market participants such as architects, specification writers, and contractors about relevant code requirements, and promoting fair and vigorous competition—including truthful advertising—in the market for toilet partitions."

After Bobrick provided notice to Scranton Products through "examples" that its marketing and advertising breached the Settlement Agreement, Scranton Products' purported cure only removed the term "fire rated" from some marketing and advertising references on its website to "E84" and "Class B." However, Scranton Products continues to market and advertise its HDPE toilet partitions as E84-compliant. This includes use of the classification "Class B" as a fire rating, which does not apply in any state in the United States to HDPE toilet partitions. It also includes referring to Scranton Products' NFPA 286-rated partitions as Class A, perpetuating the misconception that the E84 test applies to HDPE partitions. Doing so is inconsistent with the terms of and intent behind the Customer Letter. Further, Scranton Products does not train its customer-service employees on the proper use of the terms "E84," "Class A," and "Class B" in their marketing and advertising correspondence with customers. Discovery has shown that Scranton Products' untrained customer service personnel continue to tell customers that its "E84" and "Class B" toilet partitions are "fire rated," and to describe its NFPA 286-compliant HDPE product as "Class A."

At the evidentiary hearing, Bobrick will also show that such marketing and advertising, as also contained in Scranton Products' proprietary specification, have created confusion in the marketplace and caused the improper installation of HDPE toilet partitions. The evidence will show that such confusion almost caused the

installation of dangerous non-NFPA 286 fire rated HDPE toilet partitions at the Sylvia H. Rambo United States Courthouse in Harrisburg, Pennsylvania, which opened in 2023.

## C. Description of damages and injunctive relief sought by Bobrick

**Liquidated damages**: In connection with Bobrick's Third Enforcement Motion (Dkt. 704), Bobrick seeks liquidated damages in the amount of $2.5 million for a willful Level 1 breach, in accordance with paragraphs 98 and 100 of the Settlement Agreement:

> 98. If, after consideration of an Enforcement Motion, the Court finds that a Party has committed a Level 1 Breach and has failed to cure the breach within a reasonable time after written notice as set forth above, the Court will enter an order requiring the breaching Party to pay the non-breaching Party liquidated damages in an amount between US $1 million and US $2.5 million for each such breach, as determined by the Court.
>
> 100. In determining the amount of liquidated damages to award between US $1 million and US $2.5 million for a Level 1 Breach, the Court may consider whether there was a good faith dispute as to whether there was a breach, or whether the breach was willful; provided, however, that in every instance of a Level 1 Breach, there will be a minimum liquidated damages award of US $1 million and a maximum of US $2.5 million.

Dkt. 435.

In the alternative, if the Court finds that each uncured instance of Scranton Products' use of the terms "E84," "Class A," and "Class B" in its marketing and advertising to describe the fire rating of HDPE toilet partitions is a Level 2 breach,

5

then Bobrick seeks liquidated damages, in accordance with paragraph 103 of the Settlement Agreement, in the amount of $50,000 per instance.

**Attorneys' fees**: In connection with its Third Enforcement Motion, Bobrick will seek an award of its attorneys' fees and costs at the appropriate time, pursuant to paragraph 128 of the Settlement Agreement, attributable to Bobrick's Third Enforcement Motion.

**Injunctive relief**: In connection with its Third Enforcement Motion, Bobrick also seeks curative injunctive relief pursuant to paragraph 101 (and, as appropriate, paragraph 103) of the Settlement Agreement:

> 101. The Parties agree that the Court may also, within its discretion and subject to controlling law and precedent, and upon the request of the non-breaching Party in connection with an Enforcement Motion, grant preliminary and permanent injunctive relief prohibiting a Party from committing or continuing a Level 1 Breach and/or requiring a Party to cure a Level 1 Breach.
>
> 103. If, after consideration of an Enforcement Motion, the court finds that a Party has committed a Level 2 Breach and has failed to cure the breach within a reasonable time after written notice as set forth above, the Court will enter an order requiring the breaching Party to pay the non-breaching Party liquidated damages in an amount up to US $50,000, as determined by the Court, for each such breach. The Court may, in addition, in its discretion, and following the request of the nonbreaching Party in an Enforcement Motion, order the breaching Party to cure the Level 2 Breach.

Dkt. 435.

Bobrick will seek curative injunctive relief in the public interest consistent with the Settlement Agreement's function as a private consent decree in the

furtherance of public safety to promote market education, pursuant to ¶¶ 89 and 5 of the Settlement Agreement. More specifically, in its post-hearing submissions, Bobrick will ask the Court to enter an injunction (i) requiring Scranton Products to immediately cease using the terms "E84," "Class A," and "Class B" in correspondence with customers and in publicly available documents, including its proprietary specification, to market and advertise its HDPE toilet partitions (the "Prospective Cure") and (ii) send appropriate notice to its customers that received the Customer Letter explaining that it has removed the terms "E84," "Class A," and "Class B" from its marketing materials, as well as the reasons therefore (the "Retrospective Cure").

A curative injunction is needed to undo the dangerous fire-safety conditions Scranton Products has created nationwide, in contradiction with the Customer Letter, by continuing to use the terms "E84," "Class A," and "Class B" in its marketing and advertising materials, as well as the widespread confusion and ignorance about applicable fire code requirements that Scranton Products has created or perpetuated. The Retrospective Cure is required to clean up the marketplace because customers are likely to continue using Scranton Products' marketing and advertising documents using the terms "E84," "Class A," and "Class B" for the foreseeable future to select HDPE toilet partitions, including guidance provided in customer service emails, Scranton Products' proprietary

7

specification, and webpages that customers have previously saved and continue to rely upon.

Bobrick reserves the right to amend the parameters of its request for injunctive relief based on the evidentiary record created at the hearing.

**D.     Identification of witnesses**

**Fact witnesses (testifying in person)**:

1. **Mark Louchheim**, Chairman and CEO, Bobrick Washroom Equipment (represented by Baker & Hostetler)

2. **Alan Gettelman**, Vice President of External Affairs, Bobrick Washroom Equipment (represented by Baker & Hostetler)

3. **Robert Donlon**, Vice President & General Manager, Scranton Products (represented by Winston & Strawn)

4. **Greg Borgia**, Products Specialist, Scranton Products (represented by Winston & Strawn)

**Expert Witness (testifying in person)**:

5. **William Koffel**, P.E. (Bobrick's Testifying Expert): President, Koffel Associates, Inc.; Fellow, Society of Fire Protection Engineers; member, various National Fire Protection Association technical committees. Mr. Koffel holds a Bachelor of Science in Fire Protection Engineering and is a licensed professional engineer in multiple jurisdictions. He has taught

8

various courses and seminars on topics such as building construction, code requirements, fire testing, and fire protection system design and analysis. His written report includes a more comprehensive statement of his credentials, qualifications, and experience.

6. **Dale Wheeler** (Scranton Products' expert), Principal in Charge of Systech Fire (represented by Winston & Strawn)

E.   **Summary of expert witness testimony**

The expert report of William Koffel, P.E., summarizing opinions he will offer at the evidentiary hearing and the bases for those opinions, is attached hereto as Exhibit A. Mr. Koffel's expert report was served on Scranton Products on May 13, 2024, as ordered by the Court. Dkt. 755. However, as of that date, Scranton Products had still not produced thousands of pages of documents responsive to discovery requests served by Bobrick five months earlier on December 21, 2023. These discovery requests sought information going to the core of Bobrick's Third Enforcement Motion because they sought Scranton Products' marketing and advertising documents that used the terms "E84," "Class A," and "Class B" as fire ratings for HDPE toilet partitions. Pursuant to an Order of Discovery Master Thomas Vanaskie, Scranton Products produced further responsive documents on May 31, 2024 (986 documents, 4,816 pages) and June 7, 2024 (14 documents, 208 pages)—well after the deadline to serve Mr. Koffel's expert report. As such,

Bobrick reserves the right for Mr. Koffel to offer additional opinion testimony, as he did at his expert deposition on July 12, 2024, based on his subsequent review of Scranton Products' untimely document productions, as well as his review of subsequent deposition transcripts of Scranton Products' expert Dale Wheeler and employees and officers of Bobrick and Scranton Products.

**F.    Special comments about pleadings and discovery**

None at this time

**G.    Summary of legal issues involved and legal authorities relied upon**

None at this time, other than as set forth in the other sections of this pre-hearing memorandum.

**H.    Stipulations desired**

None at this time

**I.    Estimated number of evidentiary-hearing days**

In the Court's Order of February 15, 2024 (Dkt. 755), July 25, 2024 was reserved for an evidentiary hearing in this matter. On June 25, 2024, the Court reserved an additional day for the hearing, if needed: July 26, 2024. Dkt. 801.

**K.     Prenumbered schedule of exhibits**

A prenumbered schedule of Bobrick's hearing exhibits is attached hereto as Exhibit B.

**L.     Special verdict questions**

Not applicable

**M.     Statement of counsel concerning settlement authority**

No applicable

**N.     Proposed findings of fact and conclusions of law**

Pursuant to paragraphs 121 and 124 of the Settlement Agreement, the parties are to file and serve proposed findings of fact and conclusions of law within 28 calendar days after the conclusion of the Enforcement Motion Hearing.

Oral argument is requested thereafter.

                        Respectfully submitted,

July 18, 2024            **BAKER & HOSTETLER LLP**

                          By:   */s/ Carl W. Hittinger*
                                  Carl W. Hittinger (PA 30250)
                                  Tyson Y. Herrold (PA 314262)
                                  1735 Market Street
                                  Suite 3300
                                  Philadelphia, PA 19103-7501
                                  T: (215) 564-2898
                                  F: (215) 564-3439
                                  chittinger@bakerlaw.com
                                  therrold@bakerlaw.com

*Counsel for Bobrick Washroom Equipment, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of Bobrick Washroom Equipment's Prehearing Memorandum has been served on all counsel of record via the Court's electronic filing system.

Date: July 18, 2024                                         /s/ Carl W. Hittinger
                                                            CARL W. HITTINGER