# BakerHostetler

Baker&Hostetler LLP

2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891

T 215.568.3100
F 215.568.3439
www.bakerlaw.com

Carl W. Hittinger
chittinger@bakerlaw.com

August 30, 2024

**VIA ECF**

Hon. Robert D. Mariani
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

Re:   *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
       *No. 3:14-CV-00853-RDM*

Dear Judge Mariani:

Yesterday, Scranton Products' counsel emailed Bobrick's counsel and expressed its intention to file a motion to strike unidentified parts of Bobrick's proposed findings of fact and conclusions of law ("FOFCOL"). Exhibit A. We write because Scranton Products' planned filing is contrary to its counsel's representations to the Court and the Court's Order at the recent evidentiary hearing and does not comport with the terms of the Settlement Agreement. On the second day of the hearing, Your Honor had the following exchange with counsel, during which everyone agreed there would be no further briefing after the parties' proposed FOFCOL:

> The Court: All right. And, again, just to confirm my understanding from our discussion, yesterday, is that there will be no further briefing by either party. Is that correct?
>
> Mr. Hittinger: That is correct, Your Honor, on our part.
>
> Mr. Grimes: Yes, Judge.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Hon. Robert D. Mariani
August 30, 2024
Page 2

Tr. of Evid. Hearing Day 2 at 55:24-56:3; *see also* Tr. of Evid. Hearing Day 1 at 231:23-232:21 (Court explaining that oral argument and proposed findings of fact and conclusions of law would be sufficient to rule on the issues and that further briefing would be "redundan[t]" and "overkill").

Further, the relevant provisions of the Settlement Agreement do not permit Scranton Products to file a motion to strike Bobrick's proposed findings of fact and conclusions of law. Dkt. 435 at ¶¶ 124-125 (providing that (i) parties may file proposed findings of fact / conclusions of law and briefing in support of and in opposition to an enforcement motion, which Scranton Products agreed to waive (*see supra*), and (ii) "no surreply or other briefs may be filed except by leave of Court for good cause shown"; nothing therein permits a party to move to strike another parties proposed findings of fact). Nonetheless, it appears that Scranton Products intends to ask the Court to strike Bobrick's proposed FOFCOL and to revisit issues already decided at the evidentiary hearing such as Your Honor's relevancy rulings:

> Scranton Products' counsel: I understand your ruling. Could I make one point of clarification here?
>
> The Court: You're pushing your luck.
>
> Scranton Products' counsel: Understood.
>
> The Court: Gentlemen, when I rule, I've ruled. We're not going to do this. Do you understand me? I will hold you in contempt, if you continue this. You are not going to do this. When I rule, I have ruled.
>
> MR. GRIMES: Thank you, Judge. I understand.

Tr. of Evid. Hearing Day 1 at 63:10-65:8 (ruling that Bobrick's Third Enforcement Motion identified "categories" of documents that violated the Settlement Agreement and that any document falling within those categories is properly inquired into).

Hon. Robert D. Mariani
August 30, 2024
Page 3

      Therefore, Bobrick respectfully requests that the Court issue an Order in the form of the proposed order hereto directing the parties not to file any further motions, briefing, or letters on Bobrick's Third Enforcement Motion, as Your Honor previously ordered. *See* Dkt. 583 (enjoining the parties "from filing anything further related to the motions identified [in the Order] pending further order of the Court"). If Scranton Products files its unauthorized motion to strike before the Court decides the issues in this letter, Bobrick requests (i) denial of that motion to strike and (ii) an award of attorneys' fees incurred in responding to that motion. Scranton Products has repeatedly engaged in unauthorized motion practice throughout this Third Enforcement Action (Dkt. 707 (motion to strike), 740 (motion to stay), 759 (motion for clarification)), and such an Order is therefore necessary to ensure the integrity of the streamlined dispute resolution procedures in the Settlement Agreement that Bobrick bargained for. *See* Dkt. 628 (Court concluding that the parties had engaged in motion practice not permitted by the Settlement Agreement and denying motions on that basis).

                                             Respectfully submitted,

                                             Carl W. Hittinger

cc:     All counsel of record (via ECF)