UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBRICK WASHROOM EQUIPMENT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCRANTON PRODUCTS, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:14-CV-00853-RDM<br><br>Hon. Robert D. Mariani |

**SCRANTON PRODUCTS, INC.'S BRIEF
IN SUPPORT OF ITS MOTION TO STRIKE**

# INTRODUCTION

Scranton Products again finds itself in the unfortunate position of seeking the Court's intervention to address Bobrick's egregious disregard for the rules.

The Court recently presided over a two-day Enforcement Hearing on Bobrick's Third Enforcement Motion, at which the Court heard testimony from witnesses and made evidentiary rulings. A reader of Bobrick's Findings of "Fact" may be surprised to learn that such a hearing took place because ***nearly 80% of the documents cited in Bobrick's brief were not admitted into evidence at the Enforcement Hearing***. Even worse, Bobrick flagrantly disregards the Court's evidentiary rulings and attempts to rely on numerous documents that the Court has already excluded.

Bobrick's filing is not a procedurally proper Findings of Fact, but it is instead an advocacy brief that is built on inadmissible evidence, much of which has nothing to do with the relevant issues, relies on exhibits the Court ruled were inadmissible, and rehashes topics the Court determined did not help its inquiry.

Scranton Products thus moves to strike portions of Bobrick's filing.

# BACKGROUND

On August 23, 2024, Bobrick filed its Findings of Fact and Conclusions of Law ("Bobrick's FOF") that included 33 exhibits. (Dkt. 814.) Of the 33 exhibits attached to Bobrick's FOF, ***26 documents were not admitted into evidence at the***

*July hearing*.[1] Bobrick tried to introduce 9 of those 26 documents, but the Court did not admit those documents into evidence.[2] Bobrick did not introduce or discuss the remaining 17 documents.[3] Bobrick's FOF even includes 10 documents that Bobrick did not include on its exhibit list.[4]

Scranton moves to strike these inadmissible documents.

## ARGUMENT

**I.   The Court Should Exercise its Broad Discretion and Strike Inadmissible Exhibits, As Well As Portions of Bobrick's FOF That Reference or Discuss Those Irrelevant or Inadmissible Exhibits**

"District courts are afforded considerable discretion when addressing a motion to strike." *Caso v. Luzerne Cty.*, 2014 WL 12544492, at *1 (M.D. Pa. Oct. 7, 2014) (quoting *Yellow Book Sales & Distrib. Co. v. White*, 2011 WL 830520, at *4 (E.D. Pa. Mar. 10, 2011)). "[F]ederal judges have the inherent power to manage

---

[1] Bobrick's FOF also identified 7 documents that were admitted into evidence at trial: B_1 (Dkt. 814-1); B_15 (Dkt. 814-5); B_16 (Dkt. 814-6); B_17 (Dkt. 814-7); B_18 (Dkt. 814-8); B_45 (Dkt. 814-17); B_46 (Dkt. 814-18).

[2] B_30 (Dkt. 814-9); B_31 (Dkt. 814-10); B_36 (Dkt. 814-11); B_37 (Dkt. 814-12); B_39 (Dkt. 814-13); B_40 (Dkt. 814-14); B_48 (Dkt. 814-19); B_62 (Dkt. 814-20); B_63 (Dkt. 814-21)

[3] B_6 (Dkt. 814-2); B_12 (Dkt. 814-3); B_13 (Dkt. 814-4); B_41 (Dkt. 814-15); B_44 (Dkt. 814-16); B_66 (Dkt. 814-22); B_69 (Dkt. 814-23); B_70 (Dkt. 814-24); B_71 (Dkt. 814-25); B_72 (Dkt. 814-26); B_73 (Dkt. 814-27); B_74 (Dkt. 814-28); B_75 (Dkt. 814-29); B_76 (Dkt. 814-30); B_77 (Dkt. 814-31); B_78 (Dkt. 814-32); B_79 (Dkt. 814-33).

[4] B_62 (Dkt. 814-20); B_63 (Dkt. 814-21); B_66 (Dkt. 814-22); B_69 (Dkt. 814-23); B_70 (Dkt. 814-24); B_71 (Dkt. 814-25); B_72 (Dkt. 814-26); B_73 (Dkt. 814-27); B_74 (Dkt. 814-28); B_75 (Dkt. 814-29).

cases that come before them[.]" *Williams v. Guard Bryant Fields*, 535 F. App'x 205, 212 (3d Cir. 2013); *see Degen v. United States*, 517 U.S. 820, 823 (1996) ("Courts … have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities.").

At the Evidentiary Hearing, Bobrick attempted to introduce several exhibits that this Court expressly denied. Undeterred, Bobrick nevertheless attaches and relies on ***these very same documents***—including those that this Court ruled were not admissible—as alleged "facts" in Bobrick's FOF. Specifically, Bobrick's counsel spent considerable time at the Enforcement Hearing attempting to introduce third-party communications into evidence,[5] yet this Court shut down each attempt. *Compare, e.g.,* July 25, 2024 Tr. at 67:13-14, 67:20-21 *with* FOF at 52 n.31 & ¶¶ 116, 119.

As another example, this Court will recall Bobrick attempted to have Mr. Koffel opine on inadmissible hearsay at the Enforcement Hearing. (July 25, 2024 Tr. at 74:18 – 79:35 (testimony surrounding Bobrick Exhibit 36).) In response to Bobrick attempting to discuss this document, this Court sustained Scranton Products' counsel's objections several times. (*Id.*) Still, Bobrick has the audacity to argue that "Scranton Products has already stipulated to the foundation of emails

---

[5] *See, e.g.*, B_41 (Dkt. 814-15); B_30 (Dkt. 814-9); B_31 (Dkt. 814-10); B_36 (Dkt. 814-11); B_37 (Dkt. 814-12); B_39 (Dkt. 814-13); B_40 (Dkt. 814-14).

3

between its customer service personnel and customers." (FOF at 61 n.35 & ¶ 136.) Scranton Products did not agree to that stipulation. Taking it a step further, Bobrick mischaracterizes this Court's passing statement concerning Exhibit 36 as a sweeping ruling that all these third-party emails constitute an "admission against interest." (*Id.*) These blatant mischaracterizations should be met with a strong rebuke.

Bobrick has also injected 17 documents in its FOF that Bobrick did not discuss at the Evidentiary Hearing. These should of course also be stricken because, although they were on Bobrick's exhibit list, they were never introduced, subjected to objections, put in context, or cross-examined.

Bobrick also includes 10 exhibits that were not included on its exhibit list. *See supra* p. 2 n.4; *see also* Local Rule 16.3. Although this Court ruled that it would address documents not included in Bobrick's exhibit list on a document-by-document basis, Bobrick did not mention or discuss 8 of these 10 exhibits at the hearing. As for the two documents that Bobrick did mention at the Hearing (B_62 and B_63), this Court specifically ruled that those documents were "not being admitted substantively." (July 26, 2024 Tr. at 14:5.)

With all of these documents, Bobrick is trying to sneak in the back door what it could not get in through the front door. In doing so, Bobrick disregards the Settlement Agreement, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Middle District

of Pennsylvania. (Dkt. 435 at ¶¶ 122, 124.) This is improper. *In re MacDonald*, 222 B.R. 69, 72 (Bankr. E.D. Pa. 1998) ("Of course, legally-trained counsel should be well aware of the impropriety of submitting 'evidence' not offered at trial as an exhibit to a brief.").

## CONCLUSION

Scranton Products requests that the Court strike from the record: (1) all documents that Bobrick did not introduce into evidence at the Enforcement Hearing but are attached as exhibits to Bobrick's FOF;[6] (2) all paragraphs in Bobrick's FOF that reference or discuss any of those irrelevant and inadmissible documents;[7] and (3) any other relief, up to and including sanctions, that the Court deems appropriate.

Date: August 30, 2024                Respectfully submitted,

                                            **WINSTON & STRAWN LLP**

                                            */s/ Steven Grimes*
                                            Steven Grimes (admitted *pro hac vice*)
                                            Frank A. Battaglia (admitted *pro hac vice*)
                                            35 W. Wacker Drive

---

[6] B_30 (Dkt. 814-9); B_31 (Dkt. 814-10); B_36 (Dkt. 814-11); B_37 (Dkt. 814-12); B_39 (Dkt. 814-13); B_40 (Dkt. 814-14); B_48 (Dkt. 814-19); B_62 (Dkt. 814-20); B_63 (Dkt. 814-21); B_6 (Dkt. 814-2); B_12 (Dkt. 814-3); B_13 (Dkt. 814-4); B_41 (Dkt. 814-15); B_44 (Dkt. 814-16); B_66 (Dkt. 814-22); B_69 (Dkt. 814-23); B_70 (Dkt. 814-24); B_71 (Dkt. 814-25); B_72 (Dkt. 814-26); B_73 (Dkt. 814-27); B_74 (Dkt. 814-28); B_75 (Dkt. 814-29); B_76 (Dkt. 814-30); B_77 (Dkt. 814-31); B_78 (Dkt. 814-32); B_79 (Dkt. 814-33).

[7] Dkt. 814 ¶¶ 4, 6–11, 31 n.12, 33–36, 38–64, 66 n.17, 69–70, 80, 85–86, 89–90, 95–98, 100–102, 108–109, 111, 114, 115–119, 121, 124, 136–138, 143–145, 157.

5

        Chicago, IL 60601-9703
        T: 312-558-5600
        F: 312-558-5700
        sgrimes@winston.com
        fbattaglia@winston.com

        *Counsel for Defendant Scranton Products, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a correct copy of the foregoing Scranton Products, Inc.'s Brief in Support of Its Motion to Strike has been served on the following counsel of record for Bobrick Washroom Equipment, Inc. through the Court's ECF system:

>Carl W. Hittinger (PA 30250)
>Tyson Herold
>2929 Arch Street
>Cira Centre, 12th Floor
>Philadelphia, PA 19104-2891

Dated: August 30, 2024                       */s/ Steven Grimes*
                                                           Steven Grimes