

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**STEVEN GRIMES**
Partner
(312) 558-8317
sgrimes@winston.com

September 12, 2025

**VIA ECF**

Hon. Robert D. Mariani
U.S. District Court for the Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

      Re:   *Bobrick Washroom Equipment, Inc. v. Scranton Products, Inc.*,
             No. 3:14-cv-00853-RDM (M.D. Pa.)

Dear Judge Mariani:

    We submit this letter in response to Bobrick Washroom Equipment, Inc.'s most recent correspondence, which again requests a court conference regarding alleged deficiencies in Scranton Products, Inc.'s compliance with the Settlement Agreement. Bobrick's repeated mischaracterizations and manufactured disputes are not only meritless, but they also reflect a troubling pattern of misrepresentation to the Court.

    Bobrick's assertion that Scranton Products has declined to respond to its inquiries is simply false. There is a fundamental difference between a party not responding and a party providing an answer the other side does not like. Bobrick's continued insistence on conflating the two is a blatant misrepresentation to the Court. Scranton Products has responded to every inquiry—promptly and unequivocally— those responses just did not align with Bobrick's preferred narrative.

    Bobrick's request for a conference to "discuss" the identity of the corporate representative under the Settlement Agreement is an attempt to create an issue where none exists. On August 21, 2025, Scranton Products expressly identified Rob Donlon as the new corporate representative under the Settlement Agreement. *See* Exhibit A. Bobrick's feigned confusion is disingenuous at best and, at worst, a deliberate attempt to mislead the Court.



September 12, 2025
Page 2

Bobrick's purported confusion regarding legal counsel is equally baseless. As set forth in Scranton Products' August 14, 2025 letter to this Court, Winston & Strawn LLP—specifically the undersigned counsel—continues to represent Scranton Products in all matters relating to the Settlement Agreement. *See* Dkt. 826. This has been communicated to Bobrick repeatedly, both in writing and through formal court filings. Bobrick's suggestion to the contrary is inaccurate and is a transparent attempt to manufacture controversy.

Bobrick's conduct here is not an isolated incident. This is part of a broader pattern of gamesmanship that has been observed throughout litigation in this Court and in other matters.[1] Bobrick's repeated efforts to distort the record and mislead the Court should not be tolerated.

Bobrick's demand for additional information regarding the indemnification provision in the stock purchase agreement is equally without merit. Scranton Products has repeatedly explained that paragraph 149 of the Settlement Agreement requires only the production of excerpts from the Stock Purchase Agreement evidencing the inclusion of the applicable provision. Scranton Products has fully complied with this obligation. There is no requirement—under the Settlement Agreement or otherwise—to provide anything further.

There is no legitimate basis for a court conference on any of these issues. Scranton Products has met—and will continue to meet—all of its obligations under the Settlement Agreement. Bobrick's repeated attempts to waste the Court's and Scranton Products' time and resources with these manufactured disputes should be rejected. Of course, should the Court require any further information, Scranton Products stands ready to provide it.

Respectfully,

*/s/ Steven Grimes*
Steven Grimes

cc: All counsel of record (via email)

---

[1] *See, e.g.*, *Santana Prod., Inc. v. Sylvester & Assocs., Ltd.*, No. 98-CV-6721-ARR, Dkt. 127 (2d Cir. Aug. 18, 2008) (sanctioning Bobrick's counsel's for "serious misrepresentations of the record" that were so "sufficiently egregious" that the Court could not excuse them as mere oversight).